WATKINS, Judge.
After a thorough review and evaluation of the record in this matter, we are convinced that the record supports the judgment of the trial court which found that the plaintiff was an employee of the defendant corporation and entitled to recover benefits under the worker’s compensation provisions and not damages in tort.
The trial judge’s reasons for judgment, appended hereto, found that plaintiff, president of defendant corporation, was considered an employee of sáid corporation. LSA-R.S. 23:1044. There is nothing in the record to indicate that she executed a written agreement declining coverage under the statutes.[1] The reasons for judgment also indicate that plaintiff visited the motel owned by Wedgeworth several times a week, that she gave advice to her son, the manager of the motel, and that she had been helping to clean tables immediately before the accident. We cannot say that these findings are clearly wrong. They support the conclusion that the injury arose out of and occurred in the scope of her employment as president of the corporation. LSA-R.S. 23:1031. The plaintiff’s recovery is therefore limited to worker’s compensation benefits awarded by the trial court. LSA-R.S. 23:1032.
For the above and foregoing reasons, the lower court’s judgment is affirmed. Costs of this appeal are to be borne by the appellant.
AFFIRMED.
APPENDIX
REASONS FOR JUDGMENT
This personal injury suit was instituted by Mrs. Mae Hunt against Wedgeworth Enterprises, Incorporated, a corporation of which she is president owning 219 out of the 220 shares issued. The corporation, defended by counsel apparently provided by its insurer, denied liability alleging the plaintiffs own negligence, comparative negligence and, in the alternative, that Mrs. Hunt’s exclusive remedy is for workmen’s compensation benefits, without raising an exception of prematurity.
On August 12, 1983 the plaintiff was injured at the motel owned by the defendant when she tripped on the end of a piece of rolled up carpet approximately 6 to 8 feet in length and 12 to 14 inches in diameter lying in a dimly lit hallway, where it had been since the motel was constructed some years previously. Though she received no salary and had no specific duties, *725 Mrs. Hunt was in the habit of going to the motel several times a week and sometimes gave advice to her son, the motel manager. The record does not reflect that Mrs. Hunt ever expected to draw a salary from the corporation. On the evening of the accident plaintiff had been helping clear tables after a wedding rehearsal dinner party which had been held at the motel.
Notwithstanding plaintiff’s demand for damages in tort rather than for workmen’s compensation benefits, the Court may grant the relief to which a party is entitled under L.S.A.-C.C.P. Arts. 862, 1841 and 1154 since the “theory of the case” doctrine has been done away with and the adverse party here has not been taken by surprise. Hairy v. Dennistoun, 5 Rob. 130 (1843); Arceneaux v. Bellow, 395 So.2d 414 (La.App.3rd Cir.1981), Rehearing Denied, Writs Refused, 400 So.2d 669.
The new Workmen’s Compensation Statute, L.S.A.-R.S. 23:1310 (effective July 1, 1983) provides that claims for benefits be first submitted to the office of Worker’s Compensation Administration for evaluation and recommendation. Suit may be filed if the dispute is not resolved administratively. L.S.A.-R.S. 23:1311. However, the filing of a petition “under R.S. 23:1311 shall be premature unless it has been alleged in the petition that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed.” Prematurity is a dilatory exception which is waived unless pleaded. L.S. A.-C.C.P. Art. 926. In workmen’s compensation suits, the exception of prematurity has been held to be dilatory in nature. Ragsdale v. Commercial Union Ins. Co., 391 So.2d 920 (La.App.2nd Cir.1980) This exception terminates an action before the right to enforce it occurs “and failure to exhaust administrative remedies are defenses which are properly raised through the dilatory exception of prematurity. Such an exception must be filed before answer or judgment of default under penalty of waiver.” May v. Southland Corp., 341 So.2d 421, 429 (La.App.3rd Cir.1976); Writs Refused. Here, the defendant has always alleged that the plaintiff’s exclusive remedy was under the workmen’s compensation statute, yet the defendant failed to except to the plaintiff’s action as being > premature. The Court finds, therefore, that the defendant has waived any exception of prematurity.
Under L.S.A.-R.S. 23:1044, every executive officer of a corporation is deemed to be an employee of the corporation, unless the officer has by written consent pursuant to L.S.A.-R.S. 23:1035 elected not to be covered by the Workmen's Compensation Statute. See Also Fontana v. Zurich Insurance Co., 430 So.2d 718, (La.App.2nd Cir.1983), Writs Refused, 438 So.2d 569.
The plaintiff urges that because she has never drawn a salary nor is actually taking any part in the management activities she is not an employee under the statute. No statutory or jurisprudential authority has been cited in support of this proposition. No evidence was offered to show that the plaintiff ever attempted to exempt herself from workmen’s compensation coverage. Therefore, the Court finds that on the date of the accident Mrs. Hunt was an employee of Wedgeworth Enterprises, Incorporated. Her exclusive remedy is for workmen’s compensation benefits. L.S.A.-R.S. 23:1032; Kelley v. M and M Dodge, Inc., 370 So.2d 1267 (La.App.3rd Cir.1979), Writ Denied, 374 So.2d 660.
Disability benefits sanctioned by L.S.A.R.S. 23:1221(l)-(4) are based on actual wages earned. See Also L.S.A.-R.S. 23:1202(A). Therefore, regardless of the type of disability Mrs. Hunt may have incurred she is not entitled to recover benefits for the reason there is no wage upon which to base a benefit award.
Plaintiff is entitled to recover her medical benefits, including reasonable travel expenses to and from her physician. Martin v. H.B. Zachry Co., 424 So.2d 1002, (La.1982); Comeaux v. Cameron Offshore Services, Inc., 420 So.2d 1209 (La.App.3rd Cir.1982). This right is separate and distinct from the right to compensation disability benefits. Butts v. Insurance Com *726 pany of North America, 352 So.2d 745 (La.App.3rd Cir.1977), Writ Refused, 354 So.2d 206. Mrs. Hunt was treated by Dr. Luis Matta, orthopedic surgeon, and was hospitalized briefly in St. Tammany Parish Hospital. Those expenses were $935.00 and $2,266.75 respectively. There was no evidence of any travel expenses incurred. Accordingly, Mrs. Hunt is entitled to recover her physician and hospital bills.
The Court will tax the defendant with all costs, including the court reporter’s bill in the amount of $130.50 for transcribing the deposition of Dr. Matta and his expert witness fee in the sum of $200.00.
The Court will sign a judgment, when presented, in accordance with these reasons.
Franklinton, Louisiana, June 18, 1984.
/s/ France W. Watts
France W. Watts
District Judge-Division A
22nd Judicial District Court

. LSA-R.S. 23:1035(A) provides in pertinent part:
A. The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer’s trade, business, or occupation, except that the bona fide president, vice president, secretary, and treasurer of a corporation who owns not less than ten percent of the stock therein, or a partner with respect to a partnership employing him, or a sole proprietor with respect to such sole proprietorship may by written agreement elect not to be covered by the provisions of this Chapter. Such election shall not be limited, but shall apply to all trades, businesses, or occupations conducted by said corporations, partnerships, or sole proprietorships_