DECUIR, Judge.
liAn alleged biological father appeals a judgment dismissing his suit for the wrongful death of his son on the basis of no right of action. For the following reasons, we affirm.
FACTS
Fidel Udomeh (Udomeh) alleges that he and Sandra Joseph (Joseph) are the biological parents of S.U. S.U. was born on June 16, 1997. Udomeh and Joseph were never married and separated from each other early in S.U.’s life. However, Udo-meh alleges that he has maintained an active role as father in his son’s life.
In February 2006, Udomeh found out that Joseph had taken S.U. to a tall building in Baton Rouge, Louisiana and attempted to commit suicide with S.U. by seeking to jump from the building. S.U. was able to persuade Joseph not to jump.
Subsequently, Joseph voluntarily committed herself for psychiatric treatment at Vermillion Hospital in Lafayette, Louisiana. A few days later she was released.
Udomeh made a formal complaint to the State of Louisiana, through Department of Social Services, via its Office of Community Services/Children, Youth, and Family Services (LDSS) seeking an investigation and protection for S.U. Udomeh alleges that LDSS responded with a form letter stating “unable to investigate the situation because it does not meet the legal and policy definition of child abuse or neglect.”
In January 2009, Joseph, who was employed by LDSS, experienced a psychotic episode at a local restaurant while S.U. was with her. The Lafayette City Police escorted Joseph to University Medical Center (UMC) for treatment. Joseph was released with S.U. in her custody.
li>Later that month, Joseph exhibited strange and erratic behavior at work. This behavior prompted her LDSS coworkers to file complaints, incident reports and to voice concern in view of Joseph’s status as caretaker for S.U.
On February 21, 2009, Joseph took S.U. to Grand Coteau, Louisiana, where she ordered him out of the vehicle. Joseph *525 then intentionally ran over S.U. repeatedly until he was dead.
Udomeh filed a wrongful death action naming Joseph, UMC, and LDSS as defendants. Defendants LDSS and UMC filed exceptions of no right of action and/or lack of procedural capacity. The trial court sustained the exceptions of and dismissed Udomeh’ action against UMC and LDSS with prejudice.
Udomeh lodged this appeal.
DISCUSSION
At the outset, we grant the Defendants’ motion to strike references to and copies of documents and records attached to Udomeh’s brief to this court which were not introduced in the court below. These items are not a part of the record and will not be considered by this court.
Udomeh alleges that the trial court erred in granting the exception of no right of action because:
1) La.C.C. Art. 198 does not require that a father file suit to establish paternity before having a right of action for wrongful death,
2) Such a finding leads to inequitable, unjust, and otherwise absurd consequence, and
3) The court should have considered the dilatory exceptions of lack of procedural capacity instead.
We disagree. This court discussed the exception of no right of action in Way v. Andries, 02-57, p. 2 (La.App. 3 Cir. 6/5/02), 819 So.2d 465, 467-68 as follows:
The purpose of an exception of no right of action is to test whether a plaintiff has a real and actual interest in the action. In Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm’n, 94-2015 (La.11/30/94), 646 So.2d 885, 888, the supreme court explained the exception as follows:
The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Babineaux v. Pernie-Baily [Bailey] Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. [Footnote omitted.]
The exception of no right of action addresses itself to whether the particular plaintiff falls, as a matter of law, within the general class of those to whom the law grants the cause of action being asserted in the suit. Wonycott v. Wonycott, 579 So.2d 506 (La.App. 4 Cir. 1991), citing Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3 Cir.1967). This objection is a threshold device to terminate a suit brought by one who has no interest in judicially enforcing the right asserted. Roger Boc, L.L.C. v. Weigel, 99-570 (La.App. 3 Cir. 11/3/99), 744 So.2d 731; Meche v. Arceneaux, 460 So.2d 89 (La.App. 3 Cir.1984).
Thus the issue before us is whether Udo-meh is one of the class of persons permitted to bring a wrongful death action arising from the death of S.U. The first circuit addressed this specific issue in Thomas v. Ardenwood Properties, 10-26 (La.App. 1 Cir. 6/11/10), 43 So.3d 213, 218, writ denied, 10-1629 (La.10/8/10), 46 So.3d 1271, as follows:
Evidence supporting or controverting an objection of no right of action is admissible. The party raising a peremptory exception bears the burden of proof. To prevail on a peremptory exception pleading the objection of no right of action, the defendant must *526 show that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit.
Falcon v. Town of Berwick, 03-1861, p. 3 (La.App. 1st Cir. 6/25/04), 885 So.2d 1222, 1224 (case citations omitted).
In the instant matter, the law clearly recognizes the right of a biological father to institute a wrongful death action on behalf of his child born out of wedlock, provided he has complied with the procedural formalities that would allow him to bring such an action. See Wiggins v. State through Department of Transportation and Development, 97-0432, p. 4 (La.App. 1st Cir. 5/15/98), 712 So.2d 1006, 1009, writ not considered, 98-1652 (La.9/25/98), 726 So.2d 6.
With regard to the procedural requirements, the court said:
Filiation is the legal relationship between a child and his parent. La. C.C. art. 178. Filiation is established by proof of maternity, paternity, or adoption. La. C.C. art. 179. In the case of proof of paternity, especially in the event that the child sought to be filiated is deceased, La. C.C. art. 198 provides, in pertinent part, that “[i]n all cases, the action [to establish paternity] shall be instituted no later than one year from the day of the death of the child.” Moreover, the article expressly states that the time periods contained therein are peremptive.
Id. at 216 (alterations in the original).
In the matter before us, S.U. died on February 21, 2009. Udomeh did not file a petition to establish paternity within the peremptive period. Udomeh filed an original petition asserting his wrongful death claim on September 8, 2009, though he alleged that he was the biological parent of S.U., he made no request to be legally recognized as S.U.’s natural father. On September 10, 2010, when the defendants filed their exceptions, Udomeh had still not established filiation. Moreover, he could no longer do so, because the peremptive period had expired.
The effect of statutes of peremption is to destroy the cause of action itself, so that after the limit of time expires, the cause of action no longer exists; it is lost. Naghi v. Brener, 08-2527, p. 6 (La.6/26/09), 17 So.3d 919.
Accordingly, Udomeh can no longer establish filiation because the cause of action no longer exists. The trial court did not err in granting the exception of no right of action. Udomeh is not currently in the class of persons who are entitled to bring a wrongful death action, and he is barred by peremption from curing that defect.
| ¿DECREE
For the foregoing reasons, the Defendants’ motion to strike is granted, and the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Fidel Udomeh.
MOTION TO STRIKE GRANTED AND JUDGMENT AFFIRMED.
COOKS, J., dissents and assigns written reasons.