KNOLL, Justice.
I,This civil case presents the issue of whether an alleged biological father may bring a wrongful death and survival action for his illegitimate child, where the father has not filed a timely avowal action, but filed his wrongful death and survival petition asserting his paternity within the per-emptive period of La. Civ.Code art. 198. In resolving this issue, we are called upon to decide whether the filiation requirements of La. Civ.Code art. 198 apply to actions under La. Civ.Code arts. 2315.1 and 2315.2.
After the death of the minor child, S.U., plaintiff, Fidel Udomeh, filed a wrongful death and survival action against defendants, Sandra Joseph and the State of Louisiana through the Department of Social Services and the Louisiana State University Health System, University Medical Center-Lafayette (collectively “state defendants”), alleging he was the child’s biological father. The state defendants filed a peremptory exception of no right of action; although the wrongful death and survival petition was filed within one year of S.U.’s death, Udomeh had not brought an avowal action under La. Civ.Code art. 198 to *345 prove his paternity. The District Court granted the state defendants’ exception, dismissing the case with ^prejudice. The Court of Appeal affirmed, holding Udomeh was not a proper beneficiary for a wrongful death and survival action, as he had failed to file an avowal action within one year of S.U.’s death. Udomeh v. Joseph, 11-342 (La.App. 3 Cir. 10/5/11); 75 So.3d 523. We granted this writ to address the correctness vel non of the appellate court’s decision. Udomeh v. Joseph, 11-2839 (La.3/30/12); 85 So.3d 100.
For the following reasons, we find, while Udomeh was required to file an avowal action in order to bring a wrongful death and survival action, under Louisiana’s fact-pleading system, Udomeh’s petition pled sufficient facts to state an avowal action. Accordingly, the judgments of the lower eourts are reversed.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Fidel Udomeh, alleges he and defendant, Sandra Joseph, were the biological parents of a minor child, S.U., who was born on June 16, 1997. Udomeh and Joseph were never married and separated early in S.U.’s life. Udomeh, however, contends he maintained an active presence in S.U.’s life and held himself out to the community as his father. Additionally, Udomeh states he voluntarily paid child support until Joseph sought state-mandated child support in 2001.
In February 2006, Udomeh learned Joseph had taken S.U. to a tall building in Baton Rouge and attempted to commit suicide with her son by jumping off of the building. S.U. was able to persuade his mother from taking their lives. Subsequently, Joseph voluntarily committed herself for psychiatric treatment at Vermillion Hospital in Lafayette, and was released a few days later. Udomeh made a formal complaint to the State of Louisiana, through the Department of Social Services (“LDSS”), seeking an investigation and protection for S.U. In |sresponse, LDSS issued a form letter stating it was “unable to investigate the situation because it does not meet the legal and policy definition of child abuse or neglect.”
In January 2009, while at a restaurant in Lafayette, Joseph experienced another psychotic episode with S.U. in her custody. Local police were called to the restaurant and escorted Joseph to University Medical Center (“UMC”) for treatment. UMC released Joseph shortly thereafter, with S.U. in her custody. Joseph, an employee of LDSS, also began exhibiting strange and erratic behavior at work, prompting several coworkers to file witness accounts, complaints, and incident reports with LDSS. One coworker stated Joseph’s behavior should be addressed “as soon as possible, especially since she is the sole care-giver for a minor child.”
On February 21, 2009, Joseph drove S.U. to Grand Coteau and ordered him out of the vehicle. Joseph then intentionally and repeatedly ran S.U. over with her vehicle, killing him.
On September 8, 2009, Udomeh filed the instant wrongful death and survival action against Joseph, LDSS, and UMC, alleging the state defendants acted negligently by failing to take any action to protect S.U. Both LDSS and UMC argued Udomeh was precluded from bringing suit, as he had not first filed an avowal action under La. Civ.Code art. 198. Initially, LDSS filed a declinatory exception of insufficient service of process. Subsequently, LDSS filed an answer on September 10, 2010, asserting peremptory exceptions of no cause of action and no right of action or, in the alternative, a dilatory exception of lack of procedural capacity. UMC filed an an *346 swer raising no exceptions, but later filed a peremptory exception of no right of action.
|4The trial court granted-the state defendants’ exceptions of no right of action and/or lack of procedural capacity and dismissed Udomeh’s claims against LDSS and UMC with prejudice.
The Court of Appeal affirmed, holding Udomeh was not a proper beneficiary to bring a wrongful death and survival action, as he did not file an avowal action within one year of S.U.’s death. Udomeh v. Joseph, 11-342 (La.App. 3 Cir. 10/5/11); 75 So.3d 523, 526. The appellate court noted a biological father may bring a wrongful death action on behalf of his illegitimate children; however, he must establish paternity. La. Civ.Code art. 198 provides “[i]n all cases, the [avowal] action shall be instituted no later than one year from the day of the death of the child.” Here, S.U. died on February 21, 2009. Udomeh filed his wrongful death and survival petition on September 8, 2009, alleging S.U. was his biological son, but he made no request to be legally recognized as S.U.’s father. On September 10, 2010, when LDSS filed its exceptions, Udomeh had still not brought an avowal action and could no longer do so, as the peremptive period had expired. Thus, the appellate court held, as Udo-meh’s cause of action was extinguished, the trial court did not err in granting the exception of no right of action. Additionally, the appellate court granted defendants’ motion to strike certain documents included with Udomeh’s brief, including S.U.’s birth and death certificates, which list Udomeh as S.U.’s father, and child support pleadings requiring Udomeh to pay child support for S.U.
DISCUSSION

La. Civ.Code art. 198

To recover under a claim for wrongful death and survival, a plaintiff must fall within the class of persons designated as a beneficiary under La. Civ.Code arts. 2315.1 and 2315.2. Turner v. Busby, 03-3444, p. 4 (La.9/9/04); 883 So.2d 412, 416. When the decedent leaves no surviving spouse or child, the decedent’s surviving father and mother are the proper beneficiaries to bring a wrongful death and survival action. La. Civ.Code arts. 2315.1; 2315.2.
Filiation is the legal relationship between a child and his parent. La. Civ. Code art. 178. Filiation is established by proof of maternity, paternity, or adoption. La. Civ.Code art. 179. Prior to 2004, the Civil Code did not provide a process for a biological father to establish parentage of his illegitimate child. Our jurisprudence, however, recognized a biological father’s right to establish paternity by means of an avowal action. See T.D. v. M.M.M., 98-0167, p. 2-3 (La.3/2/99); 730 So.2d 873, 875. In 2004, the Louisiana Legislature enacted former La. Civ.Code art. 191, which permitted a man to establish his paternity of a child, even if the child was presumed to be the child of another man. Shortly thereafter, through the enactment of Act 192 of 2005, the Legislature comprehensively revised Title VII of Book I of the Civil'Code, regarding the law of filiation. As part of this revision, the Legislature enacted La. Civ.Code art. 198, which provided, in relevant part:
A man may institute an action to establish his paternity of a child at any time except as provided in this Article. The action is strictly personal.
[[Image here]]
In all cases, the action shall be instituted no later than one year from the day of the death of the child.
The time periods in this Article are per-emptive.
*347 In the present case, S.U. died on February 21, 2009. While Udomeh filed a wrongful death and survival action on September 8, 2009, he did not file an avowal action prior to February 2010, when his right to bring a paternity action was extinguished.
| (¡Udomeh argues a putative father is not required to establish filiation under La. Civ.Code art. 198 in order to bring wrongful death and survival actions on behalf of his illegitimate child. La. Civ.Code arts. 2815.1 and 2815.2 merely provide “[t]he surviving father and mother of the deceased” may bring a wrongful death or survival action if the decedent “left no spouse or child surviving.” Thus, neither of these statutes required Udomeh to establish paternity pursuant to La. Civ.Code art. 198.[1]
We disagree. The Louisiana Civil Code is a general system of law promulgated by legislative authority, and effect must be given to all of its provisions as such. Its various articles form parts of a complete system and must be construed with reference to each other and harmonized with its general purpose. Wartelle v. Women’s and Children’s Hosp., Inc., 97-0744, p. 3 (La.12/2/97); 704 So.2d 778, 780 (citing Lowe v. Home Owners’ Loan Corp., 199 La. 672, 6 So.2d 726 (1942)). The Code is “a self sufficient and logically interdependent enactment, to be construed as a whole, and to regulate entirely the relationships and incidents within its scope.” Albert Tate, Jr., Techniques of Judicial Interpretation in Louisiana, 22 La. L.Rev. 727, 728 (1962). Thus, it is incorrect to conclude the Code’s filiation articles have no bearing on wrongful death and survival actions, simply because La. Civ.Code arts. 2315.1 and 2315.2 do not explicitly reference La. Civ.Code art. 198.
While this Court has not specifically addressed the application of La. Civ.Code art. 198 to La. Civ.Code arts. 2315.1 and 2315.2, we have repeatedly applied the fili-ation provisions of the Code to determine the proper beneficiaries for wrongful death and survival actions.
In Chatelain v. State, Dept. of Transp. & Dev., 586 So.2d 1373 (La.1991), this Court applied former La. Civ.Code art. 209, governing a paternity action by a child, to determine if a child of the decedent was a proper party to bring a wrongful death and survival action. We noted “[t]he critical requirement for classification of a person as a child under Article 2315 is the biological relationship between the tort victim and the child. The child with a biological connection to the tort victim, whether a legitimate, legitimated or illegitimate child, has the right to bring an action for wrongful death and survival damages.” Id. at 1376 (citations omitted). However, we noted “when the child is neither legitimate at birth nor subsequently legitimated by the parent, Article 209 imposes a time limitation for establishing the filiation necessary to qualify as a child under Article 2315.” Id. at 1376; see Reese v. State Dep’t of Public Safety & Corrections, 03-1615, p. 5-6 (La.2/20/04); 866 So.2d 244, 247-48 (applying former La. Civ.Code art. 209 to a wrongful death action); Jenkins v. Mangano Corp., 00-0790, p. 3 (La.11/28/00); 774 So.2d 101, 103 (same). Thus, under this Court’s jurisprudence, a party bringing a wrongful death and survival claim must establish filiation *348 in accordance with the requirements and temporal limitations of the Civil Code.
Further, the revision comments to La Civ.Code art. 198 indicate a putative father must timely file an avowal action pursuant to Article 198 in order to bring a wrongful death and survival action. One purpose of the temporal restrictions of Article 198 is “that a father who failed during a child’s life to assume his parental responsibilities should not be permitted unlimited time to institute an action to benefit from the child’s death.” La. Civ.Code art. 198, Official Revision Comments (d).
Accordingly, we conclude the filiation provisions of La. Civ.Code art. 198 apply to actions under La. Civ.Code arts. 2815.1 and 2315.2. A putative father 18must file a timely avowal action in order to maintain a wrongful death and survival action for the death of his illegitimate child.
Additionally, we note it is too late for Udomeh to amend his petition to also bring an avowal action along with his wrongful death claim. The temporal limitations of La. Civ.Code art. 198 are per-emptive, and this Court has held “relation back of an amended or supplemental pleading ... is not allowed to avoid the running of a peremptive period.” Naghi v. Brener, 08-2527, p. 10 (La.6/26/09); 17 So.3d 919, 925. Therefore, Udomeh cannot amend his petition, as his right to bring an avowal action was extinguished in February 2010.[2]

Fact-Pleading

Although Udomeh’s petition does not specifically request a judgment of paternity, under Louisiana’s fact-pleading system, we find Udomeh has pled the material facts necessary to state an avowal action, while giving fair notice to defendants that his paternity is at issue in this action.
Louisiana’s Code of Civil Procedure uses a system of pleading based upon the narration of factual allegations. See Greemon v. City of Bossier City, 10-2828, 11-0039, p. 13 (La.7/1/11); 65 So.3d 1263, 1268. “No technical forms of pleading are required. All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs.” La.Code Civ. Proc. art. 854. Under La. 19Code Civ. Proc. art. 862, except in cases of a default judgment,
a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.
Article 862 permits courts to render substantive justice on the basis of facts pleaded and to, refuse to permit a denial of *349 substantive rights due to technical defects of language or characterization of the case. See Federal Insurance Co. v. Insurance Co. of No. Amer., 262 La. 509, 519, 26B So.2d 871, 875 (1972) (Tate, J., concurring); Sylvester v. Fontenot, 10-1115 (La.App. 3 Cir. 3/9/11); 58 So.3d 675, 683. “So long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleadings and evidence.” Greemon, 10-2828, 11-0039 at 8; 65 So.3d at 1268 (quoting Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848, 855 (La.1974)). However, due process requires adequate notice to the parties of the matters to be adjudicated. Sylvester, 10-1115 at 13; 58 So.3d at 683.
Although Article 862 abolished the “theory of the case” pleading requirement, La. Code Civ. Proc. art. 891 provides a petition “shall contain a short, clear, and concise statement of all causes of action[3] arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the | inlitigation.” In order to plead “material facts” within Louisiana’s fact-pleading system, the pleader must “ ‘state what act or omission he or she will establish at trial, such as the fact the defendant failed to deliver goods by a designated date, exceeded the speed limit, or failed to pay workers’ compensation benefits although the evidence in his or her possession clearly established a compensa-ble injury and disability.’” Greemon, 10-2828, 11-0039 at 8-9; 65 So.3d at 1268-69 (quoting 1 Frank L. Maraist, Louisiana Civil Law Treatise: Civil Procedure § 6:3 at 143 (2d ed.2008)).
In the present case, Udomeh’s petition refers to S.U. as Udomeh’s “minor child” and “minor son” and alleges:
Petitioner, FIDEL UDOMEH, and Defendant, SANDRA JOSEPH, were the biological parents of their minor child, the late S.U., who was born on June 16, 1997. Petitioner and Defendant were never married, but the paternity of the child has been established since birth. Petitioner and SANDRA JOSEPH separated from one another early in the child’s life, but Petitioner maintained an active role as father in his son’s life at all pertinent times.
After reviewing the petition, we find Udomeh has set forth the material facts necessary for an avowal action. As noted above, a pleader must set forth the act or omission he or she will establish at trial. See Greemon, 10-2828,11-0039 at 8-9; 65 So.3d at 1268-69. Here, the petition alleges a biological relationship between the pleader and the child, as well as his support and acknowledgement of the child. These allegations provided the state defendants with adequate notice of the issue of Udomeh’s paternity.
Although not decided under Article 862, this Court’s decision in Reese v. State Dep’t of Public Safety & Corrections, 03-1615 (La.2/20/04); 866 So.2d 244, supports this conclusion. There, plaintiffs sued for wrongful death damages as |ndecedent’s *350 surviving children. The State filed an exception of no right of action, arguing plaintiffs were not entitled to recover because they were not legitimate children, had not shown filiation, and had not timely filed a filiation action. Thereafter, plaintiffs filed an amended petition alleging formal acknowledgement. The initial petition merely stated plaintiffs were decedent’s surviving children with no other factual allegations concerning filiation.
This Court found the “bare allegations” in the initial petition “while not artfully drafted, show[ed] an attempt to set forth a filiation action and [was] sufficient to put the defendants on notice that such was at issue in this case.” Id., 03-1615 at 10; 866 So.2d at 250. Thus, the amendment could relate back to the initial petition, which was filed within the prescriptive period for bringing a filiation action. In reaching its decision, the Court noted pleadings should be construed in such a manner as to achieve substantial justice, and harsh, technical rules of pleadings are not favored. Id., 03-1615 at 7; 866 So.2d at 249 (citing La.Code Civ. Proe. arts. 854, 865).
Although Reese involved an amendment by plaintiffs bringing a filiation action' and a prescriptive rather than a peremptive period, these factual distinctions do not alter the Court’s holding that the bare allegations in plaintiffs’ initial petition for wrongful death damages gave defendants adequate notice of a filiation action. Here, Udomeh’s petition exceeds the bare allegations of the Reese plaintiffs. The petition repeatedly alleges Udomeh was S.U.’s biological father and maintained an active role in his son’s life. Thus, under Reese, Udo-meh’s allegations were sufficient to provide the defendants with adequate notice of an avowal action.
This conclusion is further supported by decisions of the lower courts, which have held a petition by an illegitimate child alleging paternity adequately states an 112action to establish filiation, even though a judgment of paternity is not specifically requested.[4]
In In re Succession of Stevenson, 492 So.2d 100 (La.App. 1 Cir.1986), writ denied, 494 So.2d 1178 (La.1986), plaintiff filed a petition requesting appointment as provisional administratrix of the decedent’s succession, alleging she was the illegitimate daughter of the decedent. The trial court dismissed plaintiffs claim on the basis she had not filed a timely filiation action. The appellate court reversed, finding on the date plaintiff filed her petition, a filiation action would have been timely, and the pleadings could be fairly construed as constituting a civil action to establish filiation. Id. at 101-02. The court concluded plaintiffs contention “that she was decedent’s only child clearly put the parties on notice as to the nature of her claim. This is demonstrated by the fact that the only issue considered at trial on the merits was whether appellant was decedent’s daughter.” Id.
Similarly, in Trahan v. Benoit, 467 So.2d 199 (La.App. 3 Cir.1985), plaintiffs filed a petitory action regarding decedent’s property, alleging they were decedent’s illegiti *351 mate children. Although plaintiffs did not specifically request a judgment of paternity, the court held plaintiffs’ allegations concerning their birth and the cohabitation of their parents, along with evidence submitted during a hearing on an exception of no right of action, were sufficient facts to support the maintenance of an action to establish filiation.
The state defendants cite to Thomas v. Ardenwood, Properties, 10-0026 (La.App. 1 Cir. 6/11/10); 48 So.3d 213, writ denied, 10-1629 (La.10/8/10); 46 So.3d 1271, and In re Bester, 00-2208 (La.App. 4 Cir. 9/18/02); 828 So.2d 644, writ denied, 02-2579 (La.12/13/02); 831 So.2d 988, which held bare allegations of filiation were insufficient to adequately constitute an action to establish paternity.
In Thomas, a putative father brought a timely action for the wrongful death of his illegitimate child, alleging he was the child’s “natural father.” Defendants filed an exception of no right of action, as the putative father failed to establish paternity within the peremptive period of La. Civ. Code art. 198. The court granted the exception, as the putative father failed to file an avowal action within one year of the child’s death. Similarly, in Bester, a minor child filed a motion to intervene in a wrongful death action, alleging he was the decedent’s natural child. The court denied the motion, as the child’s allegation of paternity was conclusory, did' not request a judgment of paternity, and provided no evidence proving paternity.
These decisions, however, conflict with Reese and the great weight of jurisprudence by this Court and lower courts concerning La.Code Civ. Proc. art. 862. A party is entitled to any relief available based on the facts pled, regardless of the specific relief requested. Thus, the failure of a putative father to request a finding of filiation does not prevent a court from rendering a judgment of paternity based on the facts pled. Within the context of a wrongful death and survival action, a putative father’s allegations of biological filiation with the decedent child can be reasonably construed as stating an avowal action, as “there is no other purpose an allegation of [filiaton] [could] serve.” D’Angelo v. D’Angelo, 05-0553 (La.App. 1 Cir. 3/29/06); 934 So.2d 119, 124, writ denied, 06-0995 (La.6/16/06); 929 So.2d 1293 (husband’s allegation in his divorce petition that he was free from fault in the break-up of the marriage was sufficient to raise the issue of the parties’ entitlement to spousal support). Here, Udomeh has alleged not only biological filiation, but also acknowledgement and support of S.U.
| ^Additionally, allowing Udomeh to proceed with a paternity suit does not offend the policies underlying La. Civ.Code art. 198. As noted earlier, one purpose of the statute’s one-year peremptive period is to prevent a father who failed to assume parental responsibilities during the child’s lifetime from having unlimited time to bring a wrongful death and survival action. See La. Civ.Code art. 198, Official Revision Comments (d). Further, where the child is presumed to be the child of another man, the biological father must quickly institute an avowal action to “to protect the child from the upheaval of such litigation,” where the child lives in an existing, intact family or has become attached to his presumed father. La. Civ.Code art. 198, Official Revision Comments (e). The present case, however, does not involve either of these factual scenarios. Udomeh alleges he acknowledged and supported his child during his lifetime and no other man is presumed to be S.U.’s father.
We conclude Udomeh’s petition sets forth sufficient facts to state an avowal action and provide notice to defendants of the issue of Udomeh’s paternity. This is *352 in accord with La.Code Civ. Proc. art. 862 and the general rules that pleadings should be construed in such a manner as to achieve substantial justice, and harsh, technical rules of pleading are not favored. La.Code Civ. Proc. arts. 854, 865. As Udomeh filed his petition within one year of S.U.’s death, his avowal action is timely under La. Civ.Code art. 198, and his right to bring an avowal action is not perempted as long as the present action is pending. See La. Civ.Code art. 3461, Official Revision Comments (c) (“when an action asserting a right subject to peremption has been commenced or served as provided in Article 3462, the right has been exercised and so long as the action is pending the lapse of the period of peremption does not extinguish the right”). As the determination of whether a party has pled sufficient facts under Article 862 to be entitled to certain relief must | ^necessarily be decided on a case-by-case basis, our ruling in this particular matter is limited to the facts adduced in this record.

Cumulation

The state defendants also argue Udomeh is prohibited from cumulating his wrongful death action with an action for paternity.[5] Prior to the 2005 amendments to the Civil Code, former La. Civ.Code art. 209(C) explicitly provided an illegitimate child could cumulate an action for filiation with a wrongful death action. However, the Legislature replaced article 209 with La. Civ.Code art. 197, which does not state a filiation action can be cumulated with a wrongful death action. Additionally, La. Civ.Code art. 198, the current law governing avowal actions, is silent regarding cu-mulation. Thus, according to the state defendants, the Legislature eliminated the ability to cumulate a filiation action and a wrongful death and survival action. Further, the state defendants argue, cumulation of Udomeh’s claims would violate the requirements for cumulation under La. Code Civ. Proc. art. 461 et seq.
The state defendants, however, have waived any objection to cumulation of claims. The exception of improper cumu-lation is a dilatory exception, which must be pleaded prior to or in a party’s answer. La.Code Civ. Proc. arts. 926, 928. As the defendants did not raise this exception until appeal, it is waived.[6] Thus, we |1fifmd Udomeh is not precluded from cumulating his avowal action with his wrongful death and survival action.[7]
*353 CONCLUSION
In summary, we find La. Civ.Code art. 198 is applicable to actions under La. Civ. Code arts. 2315.1 and 2315.2. Thus, a putative father must also file a timely avowal action in order to maintain a wrongful death and survival action for his illegitimate child. Although plaintiff in the instant case failed to specifically request a judgment of paternity, his petition contains sufficient material facts to state an avowal action. By alleging his biological paternity of the child in his wrongful death and survival petition, plaintiff provided the state defendants fair notice of the issue of paternity in this case. Thus, under La. Code Civ. Proc. art. 862, a court could grant plaintiff a judgment of paternity, provided he proves he is entitled to such relief. We note, however, our ruling is limited to the particular facts of the present case. Accordingly, we reverse the judgments of the lower courts and remand to the District Court for further proceedings consistent with this opinion.
| 17decree
For the foregoing reasons, the judgments of the lower courts are reversed and this case is remanded to the District Court for further proceedings.
REVERSED; REMANDED.
KIMBALL, C.J., dissents and assigns reasons.
GUIDRY, J., dissents.
CLARK, J., dissents.

. Although Udomeh is listed as the father on S.U.’s birth certificate, this is insufficient to establish paternity. Under La. Civ.Code art. 196, a man may create a presumption of paternity by signing the birth certificate of a child not filiated to another man. The presumption, however, can be invoked only on behalf of the child, and the acknowledgment does not create a presumption in favor of the man who acknowledges the child.

. Udomeh also argues the proper vehicle to challenge his suit was a dilatory exception of lack of procedural capacity, rather than a peremptory exception of no right of action. However, "[t]he function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit.” Hood v. Cotter, 08-0215, p. 17 (La. 12/2/08); 5 So.3d 819, 829. In contrast, an exception of lack of procedural capacity "challenges the right of a party to proceed (although the party may be asserting a real and actual interest) because of some procedural incapacity such as minority.” Woodlawn Park Ltd. P’ship v. Doster Constr. Co., Inc., 623 So.2d 645, 646 n. 5 (La.1993). As defendants' objection concerns whether Udomeh is within the class of beneficiaries permitted to file a wrongful death and survival action for S.U.'s death, the appellate court correctly considered defendants' exception of no right of action. Cf. Turner v. Busby, 03-3444, p. 4 (La.9/9/04); 883 So.2d 412, 416 (sustaining exception of no right of action for wrongful death suit brought by decedent's illegitimate child).

. The primary purpose of this provision of La.Code Civ. Proc. art. 891 is to preclude relitigation of a cause of action which could have been pleaded in the first action arising out of the same transaction or occurrence. 1 Frank L. Maraist, Louisiana Civil Law Treatise: Civil Procedure § 6:3 at 144 (2d ed.2008); see La.Code Civ. Proc. art. 891, 1990 Official Comment. This Court has defined "cause of action” as "the state of facts which gives a party a right to judicially assert an action against the defendant.” Trahan v. Liberty Mat. Ins. Co., 314 So.2d 350, 353 (La.1975); see Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993) ("cause of action, as used in the context of the peremptory exception, means the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant.”).

. Additionally, in contexts other than filiation, lower courts have repeatedly found bare allegations to be sufficient to state a cause of action under Article 862, given the parties’ particular factual circumstances and the nature of the action brought in the initial petition. See, e.g., Martin v. Martin, 98-165 (La.App. 3 Cir. 6/3/98); 716 So.2d 46 (court could order husband to pay child support where wife’s petition, though not demanding an increase in child support, clearly asserted wife's need for and entitlement to an award of support); Prejean v. Commonwealth for Cmty. Change, Inc., 503 So.2d 661 (La.App. 3 Cir.1987) (court could decide if plaintiffs were subscribers of stock, where their petition stated they believed they were subscribers, but did not include a prayer for such relief).

. Additionally, the state defendants argue St. Landry Parish is an improper venue for Udo-meh's avowal action. However, improper venue is a declinatory exception and must be raised prior to or in the answer. La.Code Civ. Proc. arts. 925, 928. Thus, the state defendants have waived this objection.

. Cf. Hunt v. Wedgeworth Enters., Inc., 481 So.2d 723, 725 (La.App. 1 Cir.1985). In Hunt, plaintiff, the president of a corporation, filed suit against the corporation for personal injuries. The corporation asserted plaintiff's exclusive remedy was for workers’ compensation benefits. Although plaintiff’s demand was for damages in tort, the court held it could award plaintiff workers' compensation benefits under La.Code Civ. Proc. art. 862. While claims for workers' compensation benefits must first be submitted to the Office of Workers’ Compensation Administration, the court found the corporation had waived a dilatory exception of prematurity by failing to raise this objection in its answer.

. Although any objection to cumulation has been waived, we note the state defendants arguments are flawed for several reasons. First, La. Civ.Code art. 198 contains no express prohibition on cumulation and the law generally favors cumulation of actions in order to prevent multiplicity of suits. See Chapin v. Federal Transp. Co., 70 So.2d 189, 195 (La.App. 1 Cir.1953).
Second, former La. Civ.Code art. 209 did not govern avowal actions, only actions by illegitimate children to prove paternity. Article 209 contained several temporal periods, including one specifically for wrongful death actions. The current version of the law, Arti *353 cle 197, provides a single temporal limitation of one-year for succession purposes only. This revision was intended to remedy the "harsh result” of a child losing the right to file a paternity action due to peremption, not to eliminate a child's ability to cumulate actions. See La. Civ.Code art. 197, Official Revision Comments (e) ("The time for instituting a paternity action ... to sue for wrongful death ... is not limited by this Article.”).
Finally, even prior to the enactment of former La. Civ.Code art. 191, the jurisprudence recognized the right of the father to institute an avowal action simultaneously with the exercise of parental rights. La. Civ.Code art. 198, Official Revision Comments (a); see Bolden v. Rodgers, 99-417, p. 11 (La.App, 5 Cir. 9/28/99); 746 So.2d 88, 95 (putative father seeking to intervene in wrongful death suit for his illegitimate child could simultaneously bring an avowal action).