EZELL, Judge.
^Towing and Recovery Professionals of Louisiana Trust appeals a judgment of the trial court finding that it was estopped from raising the defense of no right or no cause of action. It argues that it is a public liability trust and not an insurer, and therefore there is no right to bring a direct action against it under La.R.S. 22:1269. It also claims that the trial court erred in awarding Plaintiff interest from the date of judicial demand.
FACTS
Raymond Charles was severely injured when a tow truck owned by J.C.’s Wrecker Service, Inc. rear-ended his vehicle on September 14, 2006. Mr. Charles filed suit on September 7, 2007, against J.C.’s, the driver of the tow truck, and Towing and Recovery Professionals of Louisiana (TRPL) Trust incorrectly named as ‘Towing and Recovery Professionals of Louisiana, Inc.’. In the petition, Mr. Charles alleged that TRPL Trust was an insurer doing business in Louisiana and had in full force and effect a policy of general liability insurance insuring the tow truck.
TRPL Trust answered the appeal asserting that its correct name was Towing and Recovery Professionals of Louisiana Trust. However, it also admitted that it was an insurer and that it issued an insurance policy to J.C.’s.
On May 24, 2010, TRPL Trust filed a notice in the record that it had filed a petition for Chapter 11 bankruptcy in federal court on May 17. On November 15, 2010, TRPL Trust filed a notice of removal to federal court. In response, Mr. Charles filed a motion to remand, which was granted by the federal court on February 17, 2011. Mr. Charles then filed a motion for summary judgment on liability and insurance coverage on June 22, 2011. On June 29, 2011, TRPL Trust filed an | ^exception of no right or no cause of action alleging that it is not an insurance company and is not subject to the Louisiana Direct Action Statute.
A hearing was held on August 22, 2011. Mr. Charles’s motion for summary judgment on the issue of liability was granted but was denied as to insurance coverage.
A hearing was held on February 6, 2012, on TRPL Trust’s exception of no right or no cause of action. The trial court agreed that TRPL Trust was a trust and not an insurer. However, the trial court ruled that TRPL Trust was estopped from claiming an exemption from direct action and denied its peremptory exception of no right or no cause of action. Judgment denying the exception was signed on February 12, 2012.
At the same hearing, the court received evidence concerning Mr. Charles’s injuries. After considering the evidence presented by Mr. Charles, the trial court awarded him $400,000 plus costs and interest from the date of judicial demand until paid. Judgment against J.C.’s, the tow truck driver, and TRPL Trust was signed on March 8, 2012. TRPL Trust then filed the present appeal.
RIGHT TO BRING A DIRECT ACTION
TRPL Trust argues that the trial court erred in denying its exception of no right of action and rendering judgment directly against it. TRPL Trust asserts that it is a public liability trust, not a licensed insurer, and that the Louisiana Direct Action Statute is not applicable to Mr. Charles’s claims.
The Louisiana Direct Action Statute refers to a right of direct action, and a defendant challenging a plaintiffs right to proceed under the Louisiana Direct Action Statute should do so by means *87 of an exception of no right of action. Vincent v. Penrod Drilling Co., 372 So.2d 807 (La.App. 3 Cir.), writ denied, 375 So.2d 646 (La.1979); Diamond v. Progressive Sec. Ins. Co., 05-820 (La.App. 1 Cir. 3/24/06), 934 So.2d 739. “Without enabling legislation, the right to direct action does not exist.” Logan v. Hollier, 424 So.2d 1279, 1281 (La.App. 3 Cir.1982).
The supreme court explained the appellate review of a ruling on an exception of no right of action in Eagle Pipe & Supply, Inc. v. Amerada Hess Corp., 10-2267, 10-2272, 10-2275, 10-2279, 20-2289, pp. 6-7 (La.10/25/11), 79 So.3d 246, 255-56:
“The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit.” Hood v. Cotter, 2008-0215, p. 17 (La.12/2/08), 5 So.3d 819, 829. An appellate court reviewing a lower court’s ruling on an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. Id.
Whether a person has a right to bring an action raises a question of law. Id. “A question of law requires a de novo review.” Id. at 256.
At the time of the accident in 2006, La.R.S. 22:46(9)(d)[1] clearly provided that public liability trust funds established by professional associations are not insurance as follows:
The establishment and operation of one or more professional, trade, and occupational or public liability trust funds by professional associations in this state for the purpose of providing a means by which professional malpractice and public liability claims or judgments arising from such claims against members of the associations shall be paid or settled shall not be deemed to be insurance, and the trust shall not be deemed to be a licensed, admitted, or authorized insurer but shall be subject to Subpart E of Part III of Chapter 2, Part IV of Chapter 7, and Chapters 8 and 12 of this Title.
The Louisiana Direct Action Statute, La. R.S. 22:1269, is found in Part IV of Chapter 4, not one of the sections that a professional, trade and occupational, or public liability trust fund was subject to at the time of the accident.
|4TRPL Trust was established as a public liability trust on February 25, 2004. The agreement to act as a public liability trust was filed with the Commissioner of Insurance. As such, it was not subject to the Louisiana Direct Action Statute.
Recognizing that TRPL Trust is a public liability trust not subject to direct action, Mr. Charles argues that TRPL Trust is estopped from any argument that it is a public liability trust not subject to direct action because of its prior representations, judicial admissions, and litigation tactics. Specifically, Mr. Charles claims that TRPL Trust repeatedly admitted that it was an insurer. He also claims that it utilized its status as a direct action insurance company defendant to file a stay in the trial court due to bankruptcy proceedings and to remove the present action to federal court.
Equitable estoppel is a jurisprudential doctrine in which the voluntary *88 conduct of a party precludes him from asserting rights against another party who has justifiably relied on such conduct to change his position so that he will suffer injury if the first party is allowed to retract his conduct. MB Indus., LLC v. CNA Ins. Co., 11-303, 11-304 (La.10/25/11), 74 So.3d 1173. “Strictly speaking, equitable estoppel applies only where a party has made false or misleading representations of fact and the other party justifiably relied on the representation.” Id. at 1180 “There are three elements required to establish equitable es-toppel: (1) a representation by conduct or work; (2) justifiable reliance thereon; and (3) a change of position to one’s detriment because of the reliance.” Id. Equitable estoppel is not favored in the law and is a “doctrine of last resort”. Id. at 1181. “Equitable considerations and estoppel cannot prevail in conflict with the positive law.” Gunderson v. F.A. Richard & Assocs., 09-1498, p. 15 (La.App. 3 Cir. 6/30/10), 44 So.3d 779, 789.
While it is true that TRPL Trust admitted it was an insurer, it also stated that its correct name is “Towing and Recovery Professional of Louisiana Trust” in its initial | .^answer to the petition for damages. In his petition, Mr. Charles had referred to it as “Towing and Recovery Professionals of Louisiana, Inc.” This should have put Mr. Charles on notice of the trust status. While TRPL incorrectly admitted that it was an insurance company, there is no indication that TRPL Trust purposefully misled Mr. Charles. On October 12, 2007, Plaintiff was provided a copy of the coverage agreement which evidenced that TRPL Trust was not covered by LIGA in the event of insolvency and also described how legal action could be taken against TRPL Trust.
If Mr. Charles had never filed suit against TRPL Trust, it still would have been in bankruptcy proceedings by May 2010, prior to the trial of matter. On November 16, 2009, Mr. Charles filed an unopposed motion to re-fix the trial scheduled for January 11, 2010. The trial was then re-fixed to July 6, 2010. By the time of the new trial date, TRPL Trust was already in bankruptcy proceedings. It was Plaintiff himself that rescheduled the original trial date.
On March 25, 2010, J.C.’s and the driver of the tow truck filed an unopposed motion to continue and re-fix for trial because Mr. Charles had undergone additional back evaluations and additional testing had been recommended. Anticipating additional discovery after the testing, both parties requested a trial date in 2011 due to conflicts by both parties with the dates available in 2010. Trial was then set for January 10, 2011.
In the meantime, TRPL Trust had the case removed to federal court. Mr. Charles’s motion to remand was set for January 20, 2011, so the case was rescheduled. Following the remand, the case was set for trial on September 6, 2011. Following the filing of Mr. Charles’ motion for summary judgment and TRPL Trust’s exception of no right or cause of action, J.C.’s and the tow truck driver filed an unopposed motion to continue trial because Mr. Charles did not timely provide them with the written |fireports prepared by Mr. Charles’s non-medical witnesses. Trial was then set for February 6, 2012, at which time the exception of no right or no cause of action was heard and ruled upon. Due to stipulation of counsel, Mr. Charles submitted his evidence on damages with the trial court taking the matter under advisement.
As can be seen, trial of this matter was delayed due to conflicts and further testing. If trial had proceeded on July 6, 2010, as re-fixed by Mr. Charles, TRPL *89 Trust would have already filed for bankruptcy. Furthermore, Mr. Charles still has a judgment against J.C.’s and the driver of the tow truck. This is the same position he would have been in if the TRPL Trust had filed an exception of no right of action in the beginning. Therefore, we sustain TRPL Trust’s exception of no right of action.
Our decision on the exception pretermits our consideration of the issue of the award of interest from the date of judicial demand.
For the foregoing reasons, judgment of the district court denying Towing and Recovery Professionals of Louisiana Trust’s exception of no right of action and rendering judgment against it is reversed. Judgment is rendered in favor of Towing and Recovery Professionals of Louisiana Trust and against Raymond Charles, sustaining the peremptory exception of no right of action and dismissing Raymond Charles’s claims against it. All costs of this appeal are assessed to Raymond Charles.
REVERSED IN PART AND RENDERED.
COOKS, J., dissents.

. In 2010, La.R.S. 22:46(9)(d) was amended to provide that after twelve noon on October 1, 2010, a public liability trust fund is now deemed insurance subject to the provisions of the insurance code.