## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
## 13-541 c/w 13-1029


**MARCUS MILLER**

**VERSUS**

**HAROLD THIBEAUX, LAFAYETTE PARISH SCHOOL BOARD AND AMERICAN ALTERNATIVE INSURANCE CORPORATION**

\*\*\*\*\*\*\*\*\*\*\*\*


**APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20112778
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*


**J. DAVID PAINTER
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, J. David Painter, and Shannon J. Gremillion, Judges.

**REVERSED AND RENDERED.**


**Dawn L. Morris
825 Lafayette St.
Lafayette, LA 70501
COUNSEL FOR DEFENDANTS/APPELLANTS:**
     Lafayette Parish School Board and Harold Thibeaux

**Robert I. Siegel
Christopher R. Teske
Tara E. Clement
Suite 4800 – One Shell Square
701 Poydras St.
New Orleans, LA 70139
COUNSEL FOR DEFENDANT-APPELLANT/CROSS APPELLEE:**
     American Alternative Insurance Corporation

**Derriel C. McCorvey
S. Marie Johnson
P.O. Box 2473
Lafayette, LA 70502
COUNSEL FOR PLAINTIFF-APPELLEE:**
     Marcus Miller

**PAINTER, Judge.**

Defendants, Harold Thibeaux, the Lafayette Parish School Board (LPSB), and American Alternative Insurance Corporation (AAIC), appeal the judgment of the trial court denying their exception of no right of action and granting Plaintiff, Marcus Miller's, motion for partial summary judgment. For the following reasons, we reverse and render judgment dismissing Plaintiff's suit.

**FACTS**

La'Derion Miller, a six year old, was attempting to board a school bus driven by Harold Thibeaux and owned by the LPSB, when the driver, who was distracted by two other children, closed the door on his arm. The bus drove away dragging La'Derion about eighty-one feet before he was released from the door and fell under the wheels of the bus. He died about 40 minutes later. Separate suits were filed by the child's mother, Heather Jagneaux, who witnessed the accident from her front yard, and Marcus Miller, who alleged that he was La'Derion's father.[1]

Defendants filed a motion for summary judgment regarding damage caps. Miller twice amended his petition. Defendants filed exceptions of no cause and no right of action regarding Miller's paternity. Miller filed a motion for summary judgment regarding Thibeaux's insured status as well as an "Amended Motion and Order for Judgment of Paternity." A hearing was held on the various motions and the exception. The trial court granted the motion for summary judgment filed by Miller, denied that filed by

---

[1] Jagneaux and Miller were never married and did not live together at the time of the child's death.

1

AAIC, denied the exceptions of no right of action filed by Defendants, and granted the motion for judgment of paternity. Defendants appeal.

## DISCUSSION

*Exception of No Right of Action – Paternity*

The supreme court explained the appellate review of a ruling on an exception of no right of action in *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 20-2289, pp. 6-7 (La.10/25/11), 79 So.3d 246, 255-56:

> "The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hood v. Cotter*, 2008-0215, p. 17 (La.12/2/08), 5 So.3d 819, 829. An appellate court reviewing a lower court's ruling on an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. *Id.*

> Whether a person has a right to bring an action raises a question of law. *Id.* "A question of law requires a *de novo* review." *Id.* at 256.

*Charles v. Towing and Recovery Professionals of Louisiana*, 12-824. p. 3 (La.App. 3 Cir. 4/24/13), ___ So.3d ___.

In their exception, Defendants argue that Miller did not timely file an avowal action and, as a result, had no right to pursue an action for wrongful death and/or survival damages. They argue that because the child's mother had full custody and there were no child support or visitation orders in place at the time of the child's death, there is no presumption of paternity.

The Louisiana Supreme court, in *Udomeh v. Joseph*, 11-2839, pp. 4-5 (La. 10/26/12), 103 So.3d 343, 346, explained the requirements with regard to paternal filiation in personal injury suits as follows:

To recover under a claim for wrongful death and survival, a plaintiff must fall within the class of persons designated as a beneficiary under La. Civ.Code arts. 2315.1 and 2315.2. *Turner v. Busby*, 03-3444, p. 4 (La.9/9/04); 883 So.2d 412, 416. When the decedent leaves no surviving spouse or child, the decedent's surviving father and mother are the proper beneficiaries to bring a wrongful death and survival action. La.Civ.Code arts. 2315.1; 2315.2.

Filiation is the legal relationship between a child and his parent. La.Civ.Code art. 178. Filiation is established by proof of maternity, paternity, or adoption.

Louisiana Civil Code Article 198 (emphasis added) provides that:

A man may institute an action to establish his paternity of a child at any time except as provided in this Article. The action is strictly personal.

If the child is presumed to be the child of another man, the action shall be instituted within one year from the day of the birth of the child. Nevertheless, if the mother in bad faith deceived the father of the child regarding his paternity, the action shall be instituted within one year from the day the father knew or should have known of his paternity, or within ten years from the day of the birth of the child, whichever first occurs.

**In all cases, the action shall be instituted no later than one year from the day of the death of the child.**

The time periods in this Article are peremptive.

The court in *Udomeh* further noted:

[U]nder this Court's jurisprudence, a party bringing a wrongful death and survival claim must establish filiation in accordance with the requirements and temporal limitations of the Civil Code.

Further, the revision comments to La Civ.Code art. 198 indicate a putative father must timely file an avowal action pursuant to Article 198 in order to bring a wrongful death and survival action. One purpose of the temporal restrictions of Article 198 is "that a father who failed during a child's life to assume his parental responsibilities should not be permitted unlimited time to institute an action to benefit from the child's death." La. Civ.Code art. 198, Official Revision Comments (d).

3

Accordingly, we conclude the filiation provisions of La. Civ.Code art. 198 apply to actions under La. Civ.Code arts. 2315.1 and 2315.2. A putative father must file a timely avowal action in order to maintain a wrongful death and survival action for the death of his illegitimate child.

*Id.* at 347-348.

In *Udomeh*, as here, the plaintiff did not amend his petition to state an avowal action within the one-year period required by La.Civ.Code art. 198. However, in *Udomeh*, the court found that the plaintiff's petition in the wrongful death action pled sufficient facts to state an avowal action and to give notice to defendants of the issue of Udomeh's paternity. The court noted that the plaintiff alleged not only biological filiation but acknowledgement and support of the child.

Therefore, under *Udomeh*, if Plaintiff's petition alleges sufficient facts to petition to state an avowal action and provide notice to defendants of the issue of his paternity, and the action was filed within one year of the child's death, a timely action for filiation has been commenced.

The original and first amended petitions herein were filed within a year of the child's death. However, after reviewing the allegations of both, we conclude that neither contains sufficient allegations of fact to state a cause of action for filiation, as each contains only the bare allegation that Miller was the biological father of La'Derion. The second amended petition does not mention paternity. Miller's motion for judgment of paternity was not filed until December 2012, more than a year after the child's death and was thus untimely.

Accordingly, we conclude that Defendants have carried their burden of showing that Plaintiff has no right to pursue an action for the wrongful death of La'Derion Miller.

4

Having so found, we need not consider the remaining assignments of error.

## CONCLUSION

For these reasons, the judgment of the trial court denying Defendants' exception of no right of action is reversed. Judgment is rendered dismissing Plaintiff's action for wrongful death and survival damages with prejudice. Costs of this appeal are assessed to Plaintiff, Marcus Miller.

**REVERSED AND RENDERED.**