CLARK, J.
dissenting with reasons.
hi respectfully dissent. The majority holds the allegations in Miller’s petition are sufficient to state a cause of action for filiation because they provide fair notice to the defendants that paternity is at issue. Accordingly, it finds Miller has a right of action for wrongful death and survival damages. For the following reasons, I disagree.
To recover under a claim for wrongful death and survival, a plaintiff must fall within the class of persons designated as a beneficiary under La.Civ.Code arts. 2315.1 and 2315.2. Turner v. Busby, 03-3444, p. 4 (La.9/9/04), 883 So.2d 412, 416. When the decedent leaves no surviving spouse or child, the decedent’s surviving father and mother are the proper beneficiaries entitled by law to bring these actions.
Filiation is the legal relationship between a child and his parent. La.Civ.Code art. 178. Filiation is established by proof of maternity, paternity, or adoption. La. Civ.Code art. 198 provides, in relevant part:
A man may institute an action to establish his paternity of a child at any time except as provided in this Article.
[[Image here]]
In all cases, the action shall be instituted no later than one year from the day of the death of the child.
Thus, a father must timely file an avowal action pursuant to La.Civ.Code art. 1981 Jn order to bring a wrongful death and survival action. Miller could only have a right of action in the instant case if his petition in the wrongful death and survival action could be said to constitute the institution of an avowal action. Otherwise, the per-emptive period ran and he would not fit into the limited categories of those who can file suit under La.Civ.Code arts. 2315.1 and 2315.2. The instant case, then, asks us to determine what is sufficient to plead an avowal action.
As acknowledged by Chief Justice Kim-ball in her dissent in Udomeh v. Joseph, 11-2839, p. 3 (La.10/26/12), 103 So.3d 343, 353, merely pleading conclusory statements is insufficient to state a cause of action. Reciting a conclusion without pleading any specific facts to support that conclusion is insufficient to constitute a material fact under Louisiana’s fact-pleading system, which “requires the pleader to state what act or omission he or she will establish at trial.” Greemon v. City of Bossier City, 10-2828, 11-0039 (La.7/1/11), 65 So.3d 1263. In the case at hand, Miller only alleged that he was the biological father of the deceased child. This bare allegation, in an actual avowal action, without the accompaniment of supporting facts or evidence would not be enough to set forth a cause of action for avowal. Making the same minimal allegation in a petition for wrongful death and survival damages, is not sufficient, either. The conclusory claim of biological filiation cannot be considered a material fact that states “what act or omission would be established at trial” because the pleader, Miller, does not actually intend to prove his filiation at trial. Rather, he intends to prove only the elements of the wrongful death and survival actions. This fact is evidenced by the separate judgment of paternity Miller sought that is not directly before us.
The majority focuses on notice as being the determinative factor of whether an avowal action was sufficiently pled. Specifically, it asks whether the defendants were put on notice that Miller’s paternity was at issue. However, La.Civ.Code art. 198 strictly requires that an avowal action *437 be instituted within the year of a | ¡¡decedent’s death. This provision regarding peremption was added to ensure that a father who failed to assume his parental obligations during the life of a child did not benefit from the child’s death in an unre-, stricted way. When constructing this per-emptive time period, the legislature did not say notice must be given that the father’s paternity is at issue. Rather, it provided that an action for avowal must be instituted. Thus, in order to prove filiation and thereby receive the right to sue for wrongful death and survival damages, the legislature required more than the passive act of giving notice to defendants by way of filing the wrongful death and survival action — the very action that it sought to prevent a putative father who has not proven filiation from bringing in the first place.
Last, I note that an avowal action is not an absolute right. Any limitations placed on it, temporal or otherwise, are allowed and act to further the legislative purpose and public policy.
Thus, I respectfully find that merely alleging one’s biological filiation without more in á petition for a wrongful death and survival action does not constitute instituting an avowal action. Thus, I would have affirmed the appellate court’s ruling that Miller did not have a right of action.