865 So.2d 97 (2003)
Dolwin Dale SOILEAU
v.
Tony Randall HOUSER and Kimberly Knight Houser.
No. 03-0032.
Court of Appeal of Louisiana, Third Circuit.
April 30, 2003.
Paul E. Brown, Attorney at Law, Eunice, LA, for Plaintiff/Appellee, Dolwin Dale Soileau.
Aaron F. McGee, Attorney at Law, Baton Rouge, LA, for Defendant/Appellant, Tony Randall Houser.
Benjamin M. Burson, Attorney at Law, Eunice, LA, for Defendant/Appellee, Kimberly Knight Houser.
Court composed of ULYSSES GENE THIBODEAUX, OSWALD A. DECUIR, and GLENN B. GREMILLION, Judges.
DECUIR, Judge.
Dolwin Dale Soileau filed suit against Tony Randall Houser and Kimberly Knight Houser, seeking to establish filiation of the minor child born to Kimberly during her marriage to Tony. Soileau asserted in his petition that he is the biological father of the child; he sought custody and a change of the child's name.
Kimberly and Tony, now divorced, opposed Soileau's action. The matter was presented to a hearing officer of the Twenty-Seventh Judicial District Court, who held an intake conference and issued findings of fact and recommendations relative to paternity, custody, and visitation. Kimberly timely objected to the hearing officer's recommendations. A hearing before the district court was scheduled; however, before the matter could be heard, Tony appealed the recommendations of the hearing officer, and the district court proceedings were delayed pending the outcome of this appeal.
*98 The case before us is not ripe for appeal because no final appealable judgment has been rendered. See Smith v. Audubon Ins. Co., 602 So.2d 720 (La.1992). Once a hearing officer's recommendations are objected to, the matter must proceed to adjudication in the district court, in accordance with the provisions of La.R.S. 46:236.5(C).
The hearing officer's recommendations serve as an interim order during the pendency of the district court proceedings. However, we are constrained to vacate the recommendations in this instance as we find the hearing officer exceeded his jurisdictional authority. The duties and powers of a hearing officer are delineated by statute and are limited in scope. La.R.S. 46:236.5(C). A hearing officer is not authorized to hear contested issues of child custody or make a recommendation on the question of custody. La.R.S. 46:236.5(C)(3); Local Rules, 27th JDC, Title V, Rule 5(d)(ii); Muller v. Muller, 600 So.2d 933 (La.App. 3 Cir. 5/29/92). Furthermore, a hearing officer is not authorized to determine paternity matters brought by a private party. La.R.S. 46:236.5(C)(3)(d).
Accordingly, because the hearing officer was without subject matter jurisdiction to determine matters of custody and paternity, we must vacate his recommendations and order that the parties return to the custody and visitation arrangement previously in place. This matter is remanded to the district court for further proceedings not inconsistent with this opinion. Costs of the appeal are assessed to Tony Randall Houser.
VACATED AND REMANDED.