PEATROSS, J.
1 ,This is an appeal from a judgment sustaining an exception of peremption/pre-scription and dismissing the claims of Bossier Parish School Board (“BPSB”) against Cochran Construction Company, Inc. (“Cochran”) for damages arising out of the construction of the roof on Haughton Middle School. The trial court found that the five-year peremptive period embodied in the Louisiana Public Works Act, La. R.S. 38:2189, was applicable to the claims of BPSB and that the claims were perempt- *357 ed. BPSB appeals. For the reasons stated herein, we affirm.

FACTS

On July 3, 1998, BPSB contracted with general contractor Cochran to construct the new middle school in Haughton. The construction contract was executed in compliance with the Louisiana Public Works Act, La. R.S. 38:2181, et seq. Terry’s Roofing and Sheetmetal (“Terry’s”) was the subcontractor hired to do the roof on the project and the roofing materials were manufactured by Berridge Manufacturing Company (“Berridge”).
Various interim certificates of completion were signed on the project; on December 10, 1999, a Certificate of Substantial Completion covering the “Entire Project” was signed by all parties and recorded on December 17, 1999. Subsequently, BPSB, Terry’s and Berridge executed a 10-year Watertightness Limited Warranty on the roof. BPSB and Terry’s signed the warranty on July 31, 2000, and Berridge signed on August 14, 2000. Cochran was not a party to the roof warranty agreement.
As early as August 2000, the roof on the middle school began leaking. Terry’s had made necessary repairs for years. In 2007, however, RTerry’s refused to continue repairing the roof; and, on September 4, 2007, BPSB made a warranty claim with Berridge. Berridge inspected the roof and advised Terry’s by letter that Terry’s was responsible for continuing repairs. At that point, BPSB was on notice that there was a problem with Berridge honoring the warranty on the roof.
On January 7, 2007, BPSB filed suit against numerous defendants, including Cochran.[1] On May 15, 2009, BPSB filed an Amending and Supplemental Petition seeking damages sustained as a result of alleged defects in the construction of the middle school, for fraud, impairment of the express warranty contract, redhibition and breach of contract. With respect to Cochran, BPSB seeks damages for defective construction of the roof, fraud and intentional and/or negligent impairment of the express warranty agreement. It asserts that Cochran is liable in solido with the other defendants under La. C.C. art. 2520, et seq.
Cochran filed an exception of per-emption/prescription, which was sustained by the trial judge. The trial judge concluded that the claims of BPSB against Cochran were subject to the Louisiana Public Works Act, La. R.S. 38:2189, which provides as follows:
Any action against the contractor on the contract or on the bond, or against the contractor or the surety or both on the bond furnished by the contractor, all in connection with the construction, alteration, or repair of any public works let by the state or any of its agencies, boards or subdivisions shall prescribe 5 years from the substantial completion, as defined in R.S. 38:2241.1, or acceptance of such work, whichever occurs first, or of notice of default of the contractor unless otherwise limited in this Chapter.
| sIt is well settled that the above provision is peremptive. State Through Div. of Admin. v. McInnis Bros. Const., 97-0742 (La.10/21/97), 701 So.2d 937. As stated, because the claims of BPSB were brought more than five years from the date of substantial completion of the roofing work, the trial judge found the claims of BPSB to be perempted.
Alternatively, the trial judge found that, even if the above provision did not apply to all of the claims of BPSB, ie., those claims *358 that BPSB characterizes as “non-contractual,” prescription commenced on the date BPSB filed its warranty claims with Ber-ridge and, therefore, are time barred by the one-year prescriptive period of La. C.C. art. 3492. BPSB’s motion for new trial was granted and a hearing was held; however, the trial judge again sustained the exceptions. This appeal ensued.

DISCUSSION

On appeal, BPSB assigns the following errors:
1. The trial judge erroneously held that the five-year prescriptive/per-emptive period set forth by La. R.S. 38:2189 of the Louisiana Public Works Act for claims against contractors on a public work applies to all claims directly relating to a public work, including those based in tort and for impairment of the warranty contract.
2. Alternatively, if the five-year prescriptive/peremptive period set forth by La. R.S. 38:2189 did not serve to bar the School Board’s non-contractual claims, said claims had prescribed pursuant to the one year prescriptive period provided by La. C.C. art. 3492.
The decisive issue on appeal is whether the five-year peremptive period of section 38:2189 of the Public Works Act applies to all claims made against the general contractor of a public work, including those which Lmight be characterized as quasi-contractual or tort claims. BPSB emphasizes the language of the statute that describes the actions to which it applies: any action “on the contract or on the bond.” BPSB urges that certain of its actions are in tort and are not covered by this provision. Accordingly, it argues that the trial judge erred in holding that this provision governs all of the claims, contractual and tort, that are contained in BPSB’s petition. We are not persuaded by the argument of BPSB.
The Louisiana legislature has recognized an intent to protect those performing labor and furnishing materials for public works when it passed Act 224 in 1918, which is the predecessor of the current public works statutes. Orleans Parish School Bd. v. Scheyd, Inc., 98-2989 (La.App. 4th Cir.6/16/99), 737 So.2d 954, writ denied, 99-2103 (La.11/5/99) 750 So.2d 181. Public contract laws are to be strictly construed, and the privileges granted therein are not extended beyond the dictates of the statute. Id., citing Wilkin v. Dev Con Builders, Inc., 561 So.2d 66 (La.1990). The Louisiana Public Works Act is sui generis and provides the exclusive remedy in litigation arising out of a public work. Board of Sup’rs of Louisiana State University v. Louisiana Agricultural Finance Authority, 07-0107 (La.App. 1st Cir.2/8/08), 984 So.2d 72, citing State, Division of Administration v. McInnis Bros. Construction, supra. The exclusivity of the Public Works Act applies equally to contractors and to public bodies.
The court in Scheyd, supra, specifically addressed the question of application of the five-year peremptive period of the Public Works Act to actions sounding in tort rather than contract. In holding that the five-year | .^period applies to all claims against the public works contractor, the court noted that, while there are different categories of actions, when the suit is between a public entity and a contractor and arises out of performance of a public work contract, all claims are subject to the time limitation set forth in the Public Works Act. To allow expansion of the time limitation would, as stated in Scheyd, be contrary to the intent of the legislature in enacting the statutory time limitation in *359 the Public Works Act. We agree with the Scheyd court’s application of the statute.
The lawsuit in the case sub judice arose out of a public construction contract under the governance of the Public Works Act. As previously stated, the parties signed a Certificate of Substantial Completion covering the “Entire Project” on December 10, 1999, which was properly recorded in accordance with La. R.S. 38:2241. BPSB did not file suit until January 7, 2009, more than nine years after that date. We decline to parse through the claims made in the petition characterizing them by type of action as urged by BPSB. Rather, we hold that all claims arising under the public contract are subject to the time limitation of the Public Works Act. Scheyd, supra. Accordingly, we find that the trial court properly found the claims of BPSB to be perempted.
In light of this holding, we pretermit the alternative arguments presented by BPSB regarding the application of the one-year prescriptive period to the “non-contractual” claims. In addition, regarding BPSB’s claim that Cochran tortiously interfered with the Watertightness Warranty, we note that Cochran was not a party to the warranty contract and, unlike |fiBerridge, is not exposed to liability for any alleged breach of the same. Furthermore, a review of the record reveals no actions on the part of Cochran that interfered with Berridge’s decision to honor or dishonor its warranty with BPSB.

CONCLUSION

For the foregoing reasons, the judgment of the trial court finding the claims of Bossier Parish School Board to be per-empted under La. R.S. 38:2189 are affirmed. Costs of this appeal are assessed against the School Board in accordance with La. R.S. 13:5112 in the amount of $3,915.50.
AFFIRMED.

. Cochran is the only defendant relevant to this appeal.