Judgment rendered March 3, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,777-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

EMANUEL FLINTROY,　　　　　　　　　　　Plaintiff-Appellant
INDIVIDUALLY AND ON
BEHALF OF HIS DECEASED
DAUGHTER, JESSICA WRIGHT

versus

THE STATE OF LOUISIANA　　　　　　　　Defendant-Appellees
HEALTH SCIENCE CENTER-
MONROE, DR. RICK CAVELL,
DR. GWEN HOLDINESS, DR.
STUART MELTON, S.M. BEAL,
RN, RANDY RATCLIFF, RN,
LAUREN TUCKER, RN, K.
RICHARDSON, RN AND
S. DUNHAM, RN

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2011-3383 (Civil)

Honorable Robert C. Johnson, Judge

* * * * *

WILLIAM E. LEBLANC　　　　　　　　　Counsel for Appellant

HUDSON, POTTS & BERNSTEIN, L.L.P.　　Counsel for Appellees
By: Jay P. Adams

* * * * *

Before MOORE, STEPHENS, and THOMPSON, JJ.

**MOORE, C.J.**

Emanuel Flintroy appeals a judgment that sustained an exception of no right of action and dismissed his claim of medical malpractice arising from the allegedly substandard treatment received by his daughter, Jessica Wright, at LSU Health Sciences Center-Monroe (at the time known as E.A. Conway Hospital, but referred to herein as "LSU"). For the reasons expressed, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

The 20-year-old Ms. Wright, who suffered from Sickle Cell disease, went to LSU on August 5, 2008, with a Sickle Cell crisis. Doctors gave her a cocktail of strong narcotics, to control her pain, but early on the morning of August 7, she coded and could not be resuscitated. The plaintiff, Flintroy, filed a timely request for Medical Review Panel ("MRP") with the Division of Administration on July 31, 2009. The instant record does not include a copy of this request.

The MRP rendered its opinion on August 1, 2011, finding no breach of any standard of care by LSU or by any of the doctors or nurses who treated Ms. Wright.

Flintroy filed this petition for medical malpractice on November 2, 2011, alleging that Ms. Wright died from narcotic intoxication. He alleged that he was suing "individually and on behalf of his deceased daughter, Jessica Wright," and demanded damages for wrongful death and survival.

LSU answered with general denials, and the parties proceeded to discovery. At a deposition in September 2015, Flintroy stated that he was Ms. Wright's father, but admitted that he was never married to her mother. In a separate deposition, Ms. Wright's mother, Carolyn Shareef, testified

that Flintroy "acknowledged" Ms. Wright as his child, but she confirmed that she was never married to Flintroy.

LSU filed a "peremptive exception of no right of action." This argued that because Flintroy was not married to the patient's mother and never filed an avowal action, he had to prove filiation, under La. C.C. arts. 2315.1 and 2315.2 and *Udomeh v. Joseph*, 11-2839 (La. 10/26/12), 103 So. 3d 343, but any such action had to be filed within one year of the child's death, under La. C.C. art. 198, and this time period is peremptive. Since more than one year had passed since Ms. Wright's death, LSU argued, Flintroy could not prove paternity; thus, he had no right of action to sue on her behalf. In support, LSU attached copies of Flintroy's and Ms. Shareef's depositions.

In an "additional response" (the record does not include his original response), Flintroy argued that the documents did not clearly establish the date of Ms. Wright's death, so the court could not rule on timeliness of a filiation action. Mostly, however, he argued that the Medical Malpractice Act ("MLSSA")[1] "substantially impedes the ability of tort victims to obtain a full recovery of damages, is in derogation of established rights and is to be strictly construed," citing *Watkins v. Lake Charles Mem. Hosp.*, 13-1137 (La. 3/25/14), 144 So. 3d 944.

At a hearing in September 2019, LSU offered Ms. Wright's death certificate, which showed that she died August 7, 2008, and Flintroy's petition, filed November 2, 2011, over one year later. Flintroy argued that

---

[1] The parties and the court all referred to the Medical Malpractice Act, La. R.S. 40:1231.1-.10, but because this action is against the State of Louisiana, it properly comes under the Medical Liability for State Services Act, La. R.S. 40:1237.1-.4. For the sake of correctness, we will refer to it as MLSSA, but the issues presented herein are the same under either Act. *See Crum v. State*, 41,059 (La. App. 2 Cir. 5/17/06), 930 So. 2d 400, *writ denied*, 06-1246 (La. 9/15/06), 936 So. 2d 1274.

once a plaintiff files a request for MRP, prescription is interrupted; by analogy, he urged, the peremption of Art. 198 should also be interrupted. The court quoted La. C.C. art. 3461, "Peremption may not be renounced, interrupted, or suspended," and asked counsel if, under this law, anything could interrupt peremption. Counsel admitted that he did not "have a case" on that issue, but argued that his MRP request alleged paternity, and that was sufficient.

The court wrote an opinion laying out the arguments and noting that it could find no case law interpreting MLSSA as allowing the suspension or interruption of the peremptive period of Art. 198. The court therefore found that filing the MRP request, on July 31, 2009, did not interrupt the peremptive period. Because Flintroy failed to bring a paternity action within that period, he had no standing to sue on Ms. Wright's behalf. The court sustained the exception and rendered judgment dismissing Flintroy's claims with prejudice.

Flintroy appealed devolutively.

**THE PARTIES' POSITIONS**

By his sole assignment of error, Flintroy urges the district court erred in granting LSU's exception of "preemption" by applying Art. 198 to a MLSSA case; specifically, the court did not acknowledge that filing the MRP request stopped the peremptive period from running, and thus disregarded *Udomeh*. He argues that Art. 198 simply does not apply to MLSSA cases. He cites cases that generally hold that MLSSA (or the private Medical Malpractice Act) governs malpractice claims, such as *Conerly v. State*, 97-0871 (La. 7/8/98), 714 So. 2d 709, and *Correro v. Ferrer*, 50,476 (La. App. 2 Cir. 3/2/16), 188 So. 3d 316, *rev'd on other*

3

*grounds*, 16-0861 (La. 10/28/16), 216 So. 3d 794. He reiterates that MLSSA derogates from tort victims' rights and must be construed to support those rights, as was held in *Watkins v. Lake Charles Mem. Hosp.*, *supra*. He asks that the judgment be reversed and the case remanded for further proceedings.

LSU reiterates that Flintroy was not married to Ms. Wright's mother, is not listed on the birth certificate, and never filed a paternity action; thus, he needed to file a suit to establish paternity. Under Art. 198, this suit had to come within one year after the child's death, and the year is peremptive. Since Flintroy filed no timely suit, he has no standing. LSU argues that *Udomeh* is factually distinguished from this case, as that plaintiff filed a tort suit alleging paternity within one year, while Flintroy did not. LSU strongly disputes that the timely MRP request could interrupt the one year, as Art. 198 is peremptive and, as such, cannot be interrupted, La. C.C. art. 3461, *Naghi v. Brener*, 08-2527 (La. 6/26/09), 17 So. 3d 919. It agrees that the MRP request interrupted *prescription* on Flintroy's MLSSA claim, but argues that it could not interrupt *peremption* on the paternity action. It asks this court to affirm.

## APPLICABLE LAW

To recover under a claim for wrongful death or survival damages, a plaintiff must fall within the class of persons designated as a beneficiary under La. C.C. arts. 2315.1 and 2315.2. *Udomeh v. Joseph*, *supra*. When the decedent leaves no surviving spouse or child, the right to recover damages may be asserted by "[t]he surviving father and mother of the deceased, or either of them if he left no spouse or child surviving." La. C.C. arts. 2315.1 A(2), 2315.2 A(2).

4

Filiation is the legal relationship between a child and her parent. La. C.C. art. 178. It is established by proof of maternity or paternity or by adoption. La. C.C. art. 179. A man who is not married to the mother of the child may institute an action to prove his paternity. La. C.C. art. 198. This action must be filed no later than one year from the day of the death of the child. *Id*. This time period is peremptive. *Id*. After one year from the child's death, the putative father no longer enjoys the status of a person entitled to assert the child's rights. *Perry v. Clay*, 19-135 (La. App. 3 Cir. 12/18/19), 288 So. 3d 163; *Burkette v. General Motors Corp.*, 2015-0373 (La. App. 4 Cir. 11/10/15), 179 So. 3d 799; *Prudhomme on behalf of Reed v. Russell*, 802 Fed. Appx. 817 (5 Cir. 2020).

Peremption is defined as a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458. Peremption may not be renounced, interrupted, or suspended. La. C.C. art. 3461. Methods of interrupting prescription, such as the doctrine of contra non valentem, do not interrupt peremption. *Jenkins v. Starns*, 11-1170 (La. 1/24/12), 85 So. 3d 612; *Coté v. Hiller*, 49,623 (La. App. 2 Cir. 2/27/15), 162 So. 3d 608. Nevertheless, peremptive statutes are strictly construed against peremption and in favor of the claim. *Rando v. Anco Insulations Inc.*, 08-1163 (La. 5/22/09), 16 So. 3d 1065; *Berry v. Anco Insulations Inc.*, 52,671 (La. App. 2 Cir. 5/22/19), 273 So. 3d 595.

Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based on, among other things, the object of the demand. La. C.C.P. art. 2. District courts have original jurisdiction of all civil matters. La. Const. art.

5, § 16(A). This includes jurisdiction to determine paternity. *Jenkins v. Jackson*, 16-482 (La. App. 5 Cir. 2/22/17), 216 So. 3d 1082, *writ denied*, 17-0652 (La. 9/6/17), 224 So. 3d 984. By contrast, an administrative agency has only the power and authority expressly granted by the constitution or statutes. *Larkin Dev. N. LLC v. City of Shreveport*, 53,374 (La. App. 2 Cir. 3/4/20), 297 So. 3d 980, *writ denied*, 20-01026 (La. 12/22/20), __ So. 3d __, and citations therein; *Soileau v. Houser*, 2003-0032 (La. App. 3 Cir. 4/30/03), 865 So. 2d 97.

The filing of a request for MRP in accordance with MLSSA suspends the running of prescription against all joint or solidary obligors, including but not limited to health care providers. La. R.S. 40:1237.2 A(2)(a).

**DISCUSSION**

The essential facts are that Ms. Wright died August 7, 2008; Flintroy, who was not married to her mother and filed no paternity action during Ms. Wright's lifetime, had a peremptive one year after her death in which to file a paternity action; he did not do so, but alleged paternity when he filed this petition for medical malpractice, November 2, 2011, over one year later. Because of the failure to assert paternity timely, Flintroy did not establish his right to assert damages for Ms. Wright's death. *Perry v. Clay*, *supra*; *Burkette v. General Motors*, *supra*. The analysis, however, does not end here.

In *Udomeh*, *supra*, the plaintiff sued the mother of his 11-year-old son, a state agency, and a health care provider for the wrongful death and survival damages of his son. The plaintiff, however, had never been married to the boy's mother, adopted him, or filed a paternity action; on this basis, the defendants filed exceptions of no right of action, which the lower courts

6

sustained. The Supreme Court reaffirmed that a man who is not married to the child's mother or has not adopted the child must prove his paternity in order to assert the child's damages, under La. C.C. arts. 2315.1, 2315.2. *Id.* at 4-8, 103 So. 3d at 346-348. However, the court applied Louisiana's system of fact-pleading, La. C.C.P. art. 854, to hold that the paternity action need not be a petition that "specifically request[s] a judgment of paternity." The court found that the wrongful death and survival petition, which referred to the plaintiff's "minor child" and "minor son," was sufficient to state a claim for paternity. *Id.* at 8-9, 103 So. 3d at 348-349. Under the guidance of *Udomeh*, the courts have liberally construed tort and other petitions as stating enough to preserve the claim of paternity as long as they allege that the plaintiff is the child's father. *Miller v. Thibeaux*, 14-1107 (La. 1/28/15), 159 So. 3d 426; *Caceras v. Work*, 2012-1097 (La. App. 4 Cir. 2/27/13), 110 So. 3d 275; *Jackson v. McNeal*, 2015-0067 (La. App. 1 Cir. 7/13/15), 280 So. 3d 376.

In the instant case, we ask the same question: can we liberally construe the request for MRP, filed with the Division of Administration, as sufficient to preserve the claim of paternity? The record does not include a copy of Flintroy's request for MRP, but for purposes of discussion, we will assume that it made the same allegation as his petition, that Jessica Wright was his deceased daughter. *Rando v. Anco Insulations Inc.*, *supra*.

We are constrained to note that in *Udomeh*, *Miller*, *Caceras*, and *Jackson* the petitions were all filed in district courts, which have subject-matter jurisdiction to resolve a paternity claim. La. C.C.P. art. 2; La. Const. art. 5, §16(A); *Jenkins v. Jackson*, *supra*. Flintroy's request for MRP was filed, timely and appropriately, with the Division of Administration, a

7

division of the office of the governor, La. R.S. 39:1, which is charged with overseeing the selection and operation of the MRP, La. R.S. 40:1237.2. The Division of Administration has no authority to adjudicate a paternity claim. Even by the most liberal interpretation, we do not see how the MRP request placed anyone on notice that paternity would be an issue. *Larkin Dev. N. v. City of Shreveport*, *supra*; *Soileau v. Houser*, *supra*.

Moreover, MLSSA specifically defines the effect of filing an MRP request, in R.S. 40:1237.2 A(2)(a):

> The filing of a request for review of a claim shall suspend the running of prescription against all joint or solidary obligors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are subject of the request for review. Filing a request for review of a malpractice claim required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription.

It refers only to the review of a malpractice claim (and no other civil matters) and to the suspension of prescription (and not peremption). With this limited grant of authority, an MRP request in the Division of Administration cannot be treated as a paternity claim for purposes of Art. 198. Filing a wrongful death or survival action before the MRP process would be premature, La. R.S. 40:1237.2 B(1)(a)(i), but nothing in MLSSA prevents a plaintiff from filing a paternity suit before the completion of the MRP process. There is no such prohibition.

Finally, we must address Flintroy's specific contention that because MLSSA interrupts *prescription* during the pendency of the MRP proceedings, it must also interrupt *peremption*. We find no authority for this, with Art. 3461's clear statement that peremption "may not be renounced, interrupted, or suspended." Moreover, the analogy between

8

prescription and peremption is not perfect. In *Jenkins v. Starns*, *supra*, the plaintiff sued her former attorney for allowing someone to take a default judgment against her. Attorney malpractice is subject to a one-year peremptive period, La. R.S. 9:5605. The plaintiff filed suit over one year after the default was confirmed, leading the attorney to file an exception of peremption. The plaintiff argued that peremption was suspended while the attorney made fruitless efforts to have the default annulled. The lower courts accepted this, reasoning that the "provisions on prescription governing computation of time apply to peremption," and "principles applicable to the computation of time in the medical malpractice provisions * * * should apply to the computation of time under" R.S. 9:5605. *Id.* at 15, 85 So. 3d at 621.

The Supreme Court, however, literally applied Art. 3461 and found that peremption cannot be subject to suspension or interruption. *Id.* 21-28, 85 So. 3d at 624-628. The court rejected the argument that the legislature must have "intended the principles of equity, justice, and fairness to apply" to R.S. 9:5605. *Id.* at 8-9, 85 So. 3d at 617.

The facts in *Jenkins* are, of course, framed by the issue of legal malpractice and the effect of contra non valentem, but the reasoning appears to apply to any form of peremption, and follows the plain language of Art. 3461. Flintroy's contention that the MRP request interrupted the peremptive period of Art. 198 does not have statutory or jurisprudential support.

## CONCLUSION

For the reasons expressed, the judgment is affirmed. All costs are to be paid by Emanuel Flintroy.

**AFFIRMED**.

9