Judgment rendered December 18, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,021-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BIENVILLE PARISH SCHOOL BOARD                    Plaintiff-Appellant

versus

THRASH CONSTRUCTION SERVICES, LLC, AMERICAN TESTING LAB, LLC, YEAGER, WATSON & ASSOCIATES, INC., KEYSTONE RETAINING WALL SYSTEMS, INC., LEWIS STONE, LLC, AND NORTH AMERICAN SPECIALTY INSURANCE COMPANY                    Defendants-Appellees

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Bienville, Louisiana
Trial Court No. 44-637

Honorable Charles Glenn Fallin, Judge

* * * * *

COOK, YANCEY, KING & GALLOWAY                    Counsel for Appellant
By: Robert Kennedy, Jr.

KEAN MILLER, LLP                    Counsel for Appellee,
By: Michael D. Lowe                    Thrash Construction
                    Services, LLC

KREBS FARLEY, PLLC
By: Jonathan S. Ord

Counsel for Appellee,
North American
Specialty Insurance
Company

PIPES, MILES, BECKMAN, LLC
By: Emily Ellis Ross

Counsel for Appellee,
North American
Specialty Insurance
Company

HAILEY, McNAMARA, MAYER,
SMITH, BERNARD, LLC
By: Darren Albert Patin

Counsel for Appellee,
American Testing Lab,
LLC

MAYER, SMITH & ROBERTS, LLP
By: Caldwell Roberts, Jr.

Counsel for Appellee,
Yeager, Watson &
Associates, Inc.

BERNHARD, LLC
By: Matthew J. Guy

Counsel for Appellee,
Keystone Retaining Wall
Systems, Inc.

COLVIN, SMITH, McKAY & BAYS
By: James Henry Colvin, Jr.

Counsel for Appellee,
Lewis Stone, LLC

* * * * *

Before COX, HUNTER, and ELLENDER, JJ.

**ELLENDER, J.**

The Bienville Parish School Board ("BPSB") appeals a judgment that sustained peremptory exceptions of peremption and dismissed all claims against two defendants, Thrash Construction Services LLC ("Thrash") and its bond issuer, North American Specialty Insurance Company ("NASIC"). For the reasons expressed, we affirm.

## FACTUAL BACKGROUND

In 2014, BPSB sought to upgrade its athletic facility at Gibsland-Coleman High School by installing an all-weather track. It obtained a bond issue, hired an architect, and put the project out for bid. In December 2014, it awarded the contract to Thrash, executing a standard-form agreement ("the Agreement") for $2,455,898. NASIC underwrote the performance and payment bonds. BPSB issued a notice to proceed in January 2015, with a projected completion date of January 10, 2016.

The architect's plans specified building three MSE (mechanically stabilized earth) retaining walls; Thrash hired a subcontractor for this. However, at some point in the process, after a major rain event, Thrash discovered the MSE walls were unstable; in fact, they were moving. The parties brought in a professional engineer, who inspected and reported in January 2017 that the MSE walls would have to be destroyed. After several meetings seeking remediation, on May 25, 2018, BPSB terminated the Agreement.

## PROCEDURAL HISTORY

Even before termination, on January 8, 2018, BPSB filed this suit against Thrash and NASIC, the architects, subcontractors, and others.

Without mentioning the Public Works Act, the petition sought damages for defective design, construction, and workmanship of the project.

Thrash and NASIC responded with dilatory exceptions of prematurity seeking to dismiss or stay the action. In the Agreement, the parties had elected to include a binding dispute resolution clause.[1] The general conditions of the Agreement, § 15.4.1, recited that a demand for arbitration "shall be made in writing, delivered to the other party to the Contract, and filed with the person or entity administering the arbitration." With respect to the time of the demand, § 15.4.1.1, stated:

> A demand for arbitration shall be made no earlier than concurrently with the filing of a request for mediation, but in no event shall it be made after the date when the institution of legal or equitable proceedings based on the Claim would be barred by the applicable statute of limitations. For statute of limitations purposes, receipt of a written demand for arbitration shall constitute the institution of legal or equitable proceedings based on the Claim.

After a hearing in July 2018, the district court granted the exceptions. By judgment of August 7, 2018, the court ordered that all claims against Thrash and NASIC were "stayed, pending completion of arbitration."

Over five years later, in August 2023, Thrash filed a peremptory exception of peremption; NASIC soon filed its own similar exception. They asserted that any claim against a contractor or its surety in connection with a public works project was subject to a five-year peremptive period under the Public Works Act, R.S. 38:2189. They showed that since the stay issued, BPSB had never instituted a claim for arbitration and, thus, had missed the five-year deadline incorporated by § 15.4.1.1. They argued the claim was extinguished and the suit should be dismissed.

---

[1] The Agreement is an AIA® Document A101™-2007.

2

BPSB opposed the exceptions. It conceded that R.S. 38:2189 was a peremptive period but argued that its timely suit interrupted or suspended this, and that the claim was viable "pending completion of arbitration." Since the stay was still in force, BPSB contended, the claim was still alive even though over five years had passed with no request for arbitration.

After a hearing in November 2023, the district court granted the exceptions of peremption and rendered judgment dismissing BPSB's claims against Thrash and NASIC. BPSB appealed.

## APPLICABLE LAW

Contracts have the effect of law for the parties. *Bonilla v. Verges Rome Architects*, 23-00928 (La. 3/22/24), 382 So. 3d 62; *Warsaw Country Store LLC v. Bryan Ashley Enters. Inc.*, 55,403 (La. App. 2 Cir. 1/10/23), 378 So. 3d 757. Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. *Bonilla v. Verges Rome Architects*, *supra*.

A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract shall be "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." La. R.S. 9:4201. Louisiana law strongly favors arbitration. *Aguillard v. Auction Mgmt. Corp.*, 04-2804 (La. 6/29/05), 908 So. 2d 1; *Iberia Bank v. Dalton Const. LLC*, 52,752 (La. App. 2 Cir. 6/26/19), 277 So. 3d 829.

The relationship between arbitration and litigation is stated in the Louisiana Binding Arbitration Law, La. R.S. 9:4202:

3

> If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.

The time limit for asserting a claim on a public contract is stated in the Public Works Act, specifically La. R.S. 38:2189:

> Any action against the contractor on the contract or on the bond, or against the contractor or the surety or both on the bond furnished by the contractor, all in connection with the construction, alteration, or repair of any public words let by the state or any of its agencies, boards or subdivisions shall prescribe 5 years from the substantial completion * * * or acceptance of such work, whichever occurs first, or of notice of default of the contractor unless otherwise limited in this Chapter.

The five-year period of 38:2189 is peremptive. *State v. McInnis Bros. Constr.*, 97-0742 (La. 10/21/97), 701 So. 2d 937; *Bossier Parish Sch. Bd. v. LeBlanc*, 45,632 (La. App. 2 Cir. 9/22/10), 48 So. 3d 355, *writ denied*, 10-2396 (La. 12/17/10), 51 So. 3d 13. Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458; *Jenkins v. Starns*, 11-1170 (La. 1/24/12), 85 So. 3d 612; *Chemical Insulation Co. v. Arco Bldrs. Inc.*, 55,230 (La. App. 2 Cir. 8/9/23), 369 So. 3d 483, *writ denied*, 23-01235 (La. 11/21/23), 373 So. 3d 449. Unlike prescription, which merely prevents the enforcement of a right by legal action, peremption extinguishes or destroys the right. *Law Indus. LLC v. Dept. of Educ.*, 23-00794 (La. 1/26/24), 378 So. 3d 3; *Coté v. Hiller*, 49,623 (La. App. 2 Cir. 2/27/15), 162 So. 3d 608.

4

Except as otherwise provided by law, peremption may not be renounced, interrupted, or suspended. La. C.C. art. 3461; *Borel v. Young*, 07-0149 (La. 11/27/07), 989 So. 2d 42; *Chemical Insulation Co. v. Arco Bldrs.*, *supra*. According to legislative commentary, an action subject to peremption is exercised, and thus not lost, when it "has been commenced or served as provided in Article 3462." La. C.C. art. 3461, Rev. Comment (c). Under Art. 3462, the related concept of prescription is interrupted "when the obligee commences action against the obligor, in a court of competent jurisdiction and venue."

If evidence is introduced at the hearing on the peremptory exception of peremption, the district court's findings are reviewed under the manifest error-clearly wrong standard of review. *Lomont v. Bennett*, 14-2483 (La. 6/30/15), 172 So. 3d 620; *Regions Bank v. Eymard*, 21-0926 (La. App. 1 Cir. 5/23/22), 342 So. 3d 908, *writ denied*, 22-00977 (La. 10/18/22), 348 So. 3d 731. Factual findings pertinent to the interpretation of a contract are subject to manifest error review. *Campbell v. Melton*, 02-1637 (La. 6/27/03), 817 So. 2d 69; *Warsaw Country Store v. Bryan Ashley Enters.*, *supra*.

## BPSB'S POSITION

BPSB designates one assignment of error: the court erred in finding the five-year peremptive period of R.S. 38:2189 had extinguished BPSB's cause of action against Thrash and NASIC where (a) BPSB timely commenced an action against Thrash and NASIC in a court of competent jurisdiction and venue, (b) the causes of action remained pending completion of arbitration, and (c) BPSB did not file for arbitration prior to the lapse of the five-year period.

At the outset, BPSB concedes that, under Art. 3461, peremption may not be renounced, interrupted, or suspended. However, it shows that an action asserting a right subject to peremption is deemed exercised when the obligee commences or serves an action asserting that right in a court of competent jurisdiction and venue. La. C.C. art. 3461, Rev. Comment (c). It concludes that its suit against Thrash and NASIC, filed within the five-year period of R.S. 38:2189, exercised its right and prevented its extinguishment by peremption.

As a "second step," BPSB contends the district court's stay order of August 2018 had no effect on the established law of Arts. 3461 and 3462. Further, the arbitration provision, § 15.4.1.1, incorporates the applicable statute of limitations. BPSB argues that the applicable statute of limitations is stated in Arts. 3461 and 3462, with provisions for the exercise of the right, and not in R.S. 38:2189, which sets a uniform five-year peremptive period.

Finally, BPSB submits the district court, Thrash, and NASIC all labored under a "fundamental misunderstanding of the effects of a stay." BPSB argues a stay is different from a dismissal in that it avoids the risks presented by the statute of limitations. In support, it cites various cases in which Federal courts applied *Colorado River* abstention to stay federal cases in deference to duplicative state-court actions.[2] BPSB suggests that the reprieve from time limits recognized in these Federal abstention cases applies equally here. It concludes this is grounds for reversal.

---

[2] The concept was articulated in *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976). Cases cited by BPSB that applied the stay and noted the advantage of avoiding the statute of limitations include *Rosser v. Chrysler Corp.*, 864 F. 2d 1299 (7 Cir. 1989); *Lumen Constr. Inc. v. Brant Constr. Co.*, 780 F. 2d 691 (7 Cir. 1986); *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F. 2d 241 (9 Cir. 1989); *Carr v. Grace*, 516 F. 2d 502 (5 Cir. 1975); *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F. 3d 994 (11 Cir. 2004).

6

**DISCUSSION**

The five-year period for asserting a claim on a public contract, under R.S. 38:2189, is peremptive. *State v. McInnis Bros. Constr.*, *supra*; *Bossier Parish Sch. Bd. v. LeBlanc*, *supra*. Peremption may not be renounced, interrupted, or suspended. La. C.C. art. 3461. However, if the right is exercised timely, it is not extinguished by peremption. La. C.C. art. 3458; *Jenkins v. Starns*, *supra*; *Chemical Insulation Co. v. Arco Bldrs.*, *supra*. The crux of the case is whether BPSB properly exercised its right within the five-year period.

BPSB executed the Agreement with Thrash and NASIC. As with any contract, the Agreement has the effect of law for the parties. *Bonilla v. Verges Rome Architects*, *supra*; *Warsaw Country Store v. Bryan Ashley Enters.*, *supra*. By the Agreement, these parties accepted arbitration as the method of binding dispute resolution. Further, they agreed that the demand for arbitration must be "made in writing, delivered to the other party * * *, and filed with the person or entity administering the arbitration." § 15.4.1. In addition, the demand must be made no later than "the date when the institution of legal * * * proceedings based on the Claim would be barred by the applicable statute of limitations." § 15.4.1.1. The statute of limitations setting forth the peremptive period for a claim on a public contract is five years. R.S. 38:2189. The parties concede, and the record confirms, that BPSB did not make the required written demand for arbitration within the five-year period. Hence, the district court's finding of peremption is not plainly wrong.

BPSB strongly contends that it did, in fact, exercise its right, by filing suit in district court in January 2018. In support, it cites the Revision

7

Comments, particularly Comment (b) to La. C.C. art. 3462, which states that the filing of a suit in a court of competent jurisdiction and venue "interrupts any kind of prescription." In the general situation, not regulated by an arbitration agreement, filing suit would obviously be an exercise of BPSB's right. Here, however, the Agreement elected arbitration as the method of binding dispute resolution, specified the method of asserting a claim, and adopted the five-year period of R.S. 38:2189 as a time limit. To apply a different procedure and time limit would be to disregard the "valid, irrevocable, and enforceable" nature of the Agreement. La. R.S. 9:4201. Given the intent of the parties and the clear provisions of the Agreement, the district court did not err in finding BPSB's suit ineffective to exercise its contract claim.[3]

This analysis negates any suggestion that the mention of "applicable statute of limitations" in § 15.4.1.1 incorporated not only R.S. 38:2189 but also the possible impact of C.C. art. 3462. The suit in district court was not in the jurisdiction and venue contemplated by the Agreement and thus cannot be deemed as exercising the right.

In addition, the Agreement states that the parties shall commence all claims "in accordance with the requirements of the final dispute resolution method selected in the Agreement within the time period specified by applicable law," and any claims not so commenced are waived. § 13.7. This passage reinforces the peremptive effect of R.S. 38:2189 and confirms that the failure to follow the Agreement extinguished the claim.

---

[3] Thrash also argues that comments to Civil Code articles do not constitute the law, *Sims v. Amer. Ins. Co.*, 12-0204 (La. 10/16/12), 101 So. 3d 1. This is a correct statement of the law, although some flexibility is perhaps warranted when the comment explicitly incorporates an article by reference, as when Art. 3461, Rev. Comment (c), refers to the procedure "provided in Article 3462."

BPSB also argues that the district court misinterpreted the August 2018 judgment, which stayed all claims "pending completion of arbitration." In essence, BPSB contends, as long as arbitration has not been completed, the claims remain viable. However, the 2018 judgment stayed the lawsuit "until arbitration has been had in accordance with the terms of the agreement," under La. R.S. 9:4202. Before the dispute arose, these parties agreed to arbitration, with a method and a time limit for asserting any claims. After, BPSB filed a suit but then performed no acts in accordance with the Agreement. The judgment staying the "suit pending completion of arbitration" could not extend BPSB's rights beyond those provided in the Agreement. These arguments lack merit.

In light of this resolution, we pretermit any consideration of *Colorado River* abstention and its potential benefit in avoiding statutes of limitations.

## CONCLUSION

For the reasons expressed, the judgment is affirmed. BPSB has prepaid all costs. La. R.S. 13:5112.

**AFFIRMED**.

9