ROBERT A. CHAISSON, Judge.
| ^Nathaniel Delay appeals from a judgment sustaining exceptions of peremption, no cause of action, and no right of action, and dismissing his intervention in this succession proceeding with prejudice. For the following reasons, we affirm that judgment.
FACTS AND PROCEDURAL HISTORY
Percy Morris died intestate and childless in 2011. His wife, Pearl Jones Morris, died intestate and childless in 2012. Pearl had five siblings, only one of which, James Jones, survived her. Of her four predeceased siblings, only her sister, Elsie Jones Marshall, had any direct descendants. Elsie’s only son, Nathaniel Riley, who also predeceased Pearl, was survived by five legitimate children; however, shortly after Nathaniel Riley’s death in 2004, Nathaniel Delay, who was 14 years old at the time, applied for social security survivor’s benefits on Nathaniel Riley’s account, alleging that he was also a son of Nathaniel Riley, born Rout of wedlock. The Social Security Administration recognized Nathaniel Delay as a child of Nathaniel Riley and awarded him survivor’s benefits bn the account of Nathaniel Riley. No other proceedings were instituted by, or on behalf of, Nathaniel Delay to establish that Nathaniel Riley was his father.
After the successions of Percy and Pearl Morris were opened, Nathaniel Delay intervened in the successions, asserting inheritance rights from Pearl by representation of his father, Nathaniel Riley. One of the co-administrators, Tammy Riley, who is one of the daughters of Nathaniel Riley, urged exceptions of peremption, no cause of action, and no right of action. The other co-administrator, James Jones, responded that he had no objection to the intervention of Nathaniel Delay to inherit a portion of the estate of Pearl Morris. The trial court sustained the exceptions and dismissed the intervention. This appeal followed.
DISCUSSION
La. C.C. art. 197 provides that a child may “institute an action” to prove paternity even if he is presumed to be the child of *276 another man, and where the alleged father is dead, proof of paternity shall be by clear and convincing evidence. In addition, “[f]or purposes of succession only, this action [to establish paternity] is subject to the peremptive period of one year” from the death of the alleged father. There is no question that the action to establish paternity is governed by a one-year per-emptive period, which in this case began with the death of Nathaniel Riley in 2004. The question before this Court is whether an application filed with the Social Security Administration for social security benefits constitutes an “action” to establish paternity for purposes of La. C.C. art. 197.
Peremption is defined in La. C.C. art. 8459 as a fixed time within which a right must be asserted, and “[u]nless timely exercised, the right is extinguished Lupon the expiration of the peremptive period.” La. C.C. art. 3461 provides that “peremption may not be renounced, interrupted, or suspended.”
As noted above, the only thing which Nathaniel Delay did within one year of Nathaniel Riley’s death was to apply for social security survivor’s benefits. Thus, the only way that his intervention in this succession could survive the exceptions of peremption and no right of action would be for this court to deem an application for social security benefits an “action” within the purview of La. C.C. art. 197.
La. C.C.P. art. 421 provides that “[a] civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction.”[1] Book I, Title II, of the Code of Civil Procedure contains 80 articles, almost all of which use the term “action” in the context of a court proceeding, either instituted or potential. There are also numerous other procedural articles which use “action” in the same way.
In construing these codal and procedural articles together, the only conclusions to be drawn are that: 1) La. C.C. art. 197 grants to a child the right to institute an action to prove paternity, but specifies that in successions the right is lost by peremption if not exercised within one year of the alleged father’s death; and 2) that institution of an action means the filing of an action in a court of proper jurisdiction. In the present case, there is no question that Mr. Delay did not institute an action in a court of proper jurisdiction within one year of the death of Nathaniel Riley. That being the case, the right to bring the action has been extinguished. The exceptions of peremption and no right of action were thus properly sustained.
Mr. Delay cites Udomeh v. Joseph, 11-2839 (La.11/30/12), 103 So.3d 343, in support of his argument that an administrative proceeding within the Social Security Administration constitutes the institution of an action for purposes of La. C.C. art. 197, or at least serves to interrupt the peremptive period. As stated above, La. C.C. art. 3461 does not allow for the renunciation, interruption, or suspension of a peremptive period, and the Udomeh case does not hold otherwise. What the case does hold is that a pleading filed in a court, even though not styled a paternity action, may serve to institute a paternity action under Article 197 where it is clear that the facts asserted, if established at trial, would lead to a judgment of paternity. The case does not even suggest that an administrative proceeding would have the same ef- *277 feet. We decline to accept the proposition that it does.
CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining the exceptions and dismissing the intervention with prejudice is hereby affirmed.

AFFIRMED.

. The Official Revision Comments-1960 to La. C.C.P. art. 421, notes that the term "action” is sometimes used to refer to an "instituted action,” and sometimes to the “right to institute the action.” For purposes of this opinion, the distinction is of no consequence.