**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0639

SUCCESSION OF NATHANIEL ABRAM

*DATE OF JUDGMENT:*     **JAN 1 0 2023**

ON APPEAL FROM THE EIGHTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERVILLE, STATE OF LOUISIANA
NUMBER 10937, DIVISION A

HONORABLE J. KEVIN KIMBALL, JUDGE

\* \* \* \* \* \*

Ann Bucaro Steinhardt
New Orleans, Louisiana

L. Phillip Canova, Jr.
Louis W. Delahaye
Caroline D. Lobue
Plaquemine, Louisiana

Counsel for Appellant
Tierra Trask

Counsel for Appellee
Tellis T. Abram, Executor for the
Succession of Nathaniel Abram

\* \* \* \* \* \*

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Disposition: **AFFIRMED.**

**CHUTZ, J.**

Appellant, Tierra Trask, appeals from a summary judgment dismissing her claim to an interest in the Estate of Nathaniel Abram, her alleged paternal grandfather. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Nathaniel Abram died on October 29, 2018. He was survived by two sons, Tellis Abram and Kendall Abram. Nathaniel was predeceased by a third son, Keddrick Smith, who died on October 23, 2003. In February 2019, Tellis filed a petition seeking to probate a will executed by Nathaniel on October 28, 1998, prior to Keddrick's death. The typewritten will originally bequeathed Nathaniel's entire estate to his three sons. However, the will presented to the court contained several handwritten notations attempting to remove all references made to Keddrick by noting he was deceased, striking through Keddrick's name wherever it appeared, and changing all references to Nathanial's three sons to two sons.

On February 12, 2019, the district court signed an order probating the October 28, 1998 will and recognizing Tellis as executor of Nathaniel's estate. Shortly thereafter, on March 18, 2019, Tierra Trask, alleging she was Keddrick's child, filed a pleading entitled, "OPPOSITION TO PROBATE alternatively VALID WILL WITH INEFFECTUAL NOTATIONS."[1] Tierra claims she is entitled via representation to Keddrick's share in Nathaniel's estate since she is Keddrick's daughter.[2] She opposed the probate of the will, alleging it was invalid because "it does not conform to any will authorized under Louisiana law." Alternatively, Tierra argued the will was valid but the notations were without effect, so that Keddrick was restored as an "heir" under the will as it was originally written. Tierra prayed the

---

[1] The pleading was also filed on behalf of Caitlin Woods, who is not a party to this appeal.

[2] "Representation is a fiction of the law, the effect of which is to put the representative in the place, degree, and rights of the person represented." La. C.C. art. 881.

2

petition to probate be dismissed and the October 28, 1998 will be declared invalid or, alternatively, the notations be declared invalid revocations of Keddrick's legacies.

After various proceedings, on November 9, 2021, Tellis, as the executor of Nathaniel's estate, filed a motion for summary judgment requesting dismissal of Tierra's claims to Nathaniel's estate. Tellis argued therein that Tierra was required to establish her filiation with Keddrick before she was entitled to represent Keddrick in Nathaniel's succession, but she was perempted from doing so because she failed to file a timely filiation action within one year of Keddrick's death as required La. C.C. art. 197. Following a hearing, the district court reluctantly granted Tellis's motion for summary judgment, stating it was bound to follow the law and jurisprudence. On February 2, 2022, the district court signed a summary judgment in accordance with that ruling and dismissed all claims by Tierra to Nathaniel's estate and cast her with all costs.

Tierra now appeals, arguing in three assignments of error that the district court misapplied La. C.C. art. 197, legally erred in granting summary judgment denying her the opportunity to establish Keddrick's paternity, and erred in failing to recognize her constitutional rights and right to representation under La. C.C. art. 880 et seq.

## SUMMARY JUDGMENT LAW

A motion for summary judgment shall be granted only if the motion, memorandum, and supporting documents admitted for purposes of the motion for summary judgment show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) & (4). On appeal, appellate courts review the grant or denial of a motion for summary judgment *de novo* under the same criteria governing the district court's consideration of whether summary judgment is appropriate. ***Ritchey v. State Farm Mutual***

3

*Automotive Insurance Company*, 17-0233 (La. App. 1st Cir. 9/15/17), 228 So.3d 272, 275,

The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). But if the moving party will not bear the burden of proof at trial on the issue before the court on the motion, the moving party's burden is satisfied by pointing out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual evidence sufficient to establish the existence of a genuine issue of material fact, the mover is entitled to summary judgment as a matter of law. La. C.C.P. arts. 966(D)(1); *Yates v. Our Lady of the Angels Hospital, Inc.*, 19-0661 (La. App. 1st Cir. 2/20/20) (unpublished), 2020 WL 862167, at *2.

## DISCUSSION

On appeal, Tierra argues she was not required to open Keddrick's succession or file an action for filiation under La. C.C. art. 197 as steps "precedent to the subsequent filing [of] a claim via representation into her grandparent's succession." She maintains she is entitled by operation of law to Keddrick's interest in Nathaniel's succession through representation of Keddrick under La. C.C. arts. 880 et seq., especially since DNA test results show a 99.87%[3] probability that Keddrick is her father. According to Tierra, no legitimate state interest would be offended if she were allowed to represent Keddrick in Nathaniel's succession.

We agree with Tierra that a child is not required to open a parent's succession in order for her to subsequently represent her deceased parent in the succession of an ascendant. However, the child is required to establish filiation with the deceased parent whom she seeks to represent. Filiation is the legal relationship between a parent and child. La. C.C. art. 178. Under the Louisiana Civil Code, there are three

---

[3] At another point in her brief, she alleged the probability that Keddrick is her father is 99.99%.

4

ways of establishing paternal filiation: (1) the presumption of paternity due to a marriage to the child's mother (La. C.C. arts. 185, 186, and 195); (2) in the absence of a marriage, the presumption of paternity based on a formal acknowledgment by the father (La. C.C. art. 196); or (3) in the absence of a marriage between the parents or a formal acknowledgment, by the institution of a legal proceeding to prove filiation (La. C.C. art. 197). *In Matter of Succession of Dangerfield*, 16-0293 (La. App. 1st Cir. 10/31/16), 207 So.3d 427, 429. An informal acknowledgment of a child by an alleged parent is merely one method of proving filiation and does not dispense with the requirement that the child file a timely action for filiation as provided by Article 197. *Succession of Cobb*, 96-1249 (La. App. 1st Cir. 10/14/97), 710 So.2d 251, 254; see also La. C.C. art. 196, Revision Comments-2005, Comment (h); La. C.C. art. 197, Revision Comments-2005, Comment (c).

Article 197 provides as follows:

> A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.
>
> **For purposes of succession only, this action is subject to a peremptive period of one year.** This peremptive period commences to run from the day of the death of the alleged father. (Emphasis added.)

In this case, it is undisputed Tierra, who was born outside of marriage, did not file a paternity action to establish filiation within one year of Keddrick's death. In response to an interrogatory asking her to identify, state, and describe all information and documents forming the basis of her paternity claim, Tierra responded that: her paternal grandmother applied for social security benefits from Keddrick on Tierra's behalf;[4] she has photographs of herself with Keddrick; and she has letters from Keddrick acknowledging her as his daughter. She made no claim that she was

---

[4] An application for social security benefits on behalf of a child on the account of the child's alleged father does not constitute an action for filiation within the meaning of Article 197. See *In re Succession of Morris*, 13-533 (La. App. 5th Cir. 12/12/13), 131 So.3d 274, 276.

formally acknowledged or legitimated by Keddrick. Rather, in order to establish paternity (*i.e.*, filiation), Tierra contends Keddrick informally acknowledged her privately and publicly to his family and to the community at large both through his words and actions.

Tierra further contends the law has come to a crossroads between "what was and what is" with regard to the rights of illegitimate children. She maintains the purpose served by the peremptive period in filiation actions to protect the state's interest in avoiding fraud and the parties having to deal with fading memories and stale evidence as time passes is now addressed by modern science. Due to the availability of DNA testing, she strenuously argues courts should "emerge from [the] dark ages into the light of scientific proof."

While we are sympathetic to Tierra's situation, the issues she raises are matters for the legislature. Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. *In Matter of Succession of Dangerfield*, 207 So.3d at 432. There is no ambiguity in the language of Article 197. For purposes of succession, the legislature expressly established a one-year peremptive period for filiation actions, which commences upon the death of the alleged father. *Succession of Lewis*, 22-00079 (La. 10/1/22), ____ So.3d ____, 2022 WL 12360366, at *12. There is no language in Article 197 limiting the one-year peremptive period only to the succession of the alleged father with whom a child seeks to establish filiation. Rather, Article 197 states broadly that the prescriptive period is applicable for "purposes of succession."

In the instant matter, Tierra asserts an interest in the succession of her alleged paternal grandfather, Nathaniel, through representation of his deceased son, Keddrick, Tierra's alleged father. The issue is not, as Tierra alleges, that she failed to open Keddrick's succession within one year of his death, but rather that she did not file an action for filiation with Keddrick within one year of his death or at any

6

time in the sixteen-year period between Keddrick's death in 2003 and the death of his father in 2018. Accordingly, because her claims to Nathaniel's estate through representation of Keddrick involves succession matters, Tierra is perempted under the one-year peremptive period in Article 197 from now attempting to establish filiation with Keddrick within Nathaniel's succession. See *In re Succession of Morris*, 131 So.3d 275-76 (the right of a child born outside of marriage to assert an interest through representation of his alleged father in his great-aunt's succession was extinguished by the child's failure to file an action for filiation within one year of his alleged father's death); *In re Successions of James*, 09-25 (La. App. 5th Cir. 6/23/09), 19 So.3d 1200, 1202-03 (grandchildren's claims to an interest in their grandparents' succession through representation of their alleged father dismissed on an exception of no right of action since the grandchildren did not file an action for filiation with their alleged father within one year of his death).[5] Given the undisputed facts in the instant case, the district court did not err in concluding Tellis was entitled under the law to summary judgment dismissing Tierra's claims to Nathaniel's estate.[6]

---

[5] *Succession of James* was decided under former La. C.C. art. 209, the predecessor to Article 197. Former Article 209 required a paternity action to be instituted within nineteen years of the child's birth or within one year from the alleged parent's death, whichever occurred first. Thus, the Article 209 peremptive period was even more restrictive than the one now provided by Article 197, which allows a paternity action to be brought within one year of the alleged parent's death regardless of the child's age. See La. C.C. art. 197, Revision Comments-2005, Comments (a), (e), and (f).

[6] In her third assignment of error and throughout her appellate brief, Tierra argues the application of the Article 197 peremptive period solely to children such as herself born outside of marriage violates constitutional protections of due process and equal protection. However, there is no indication in the record before us that Tierra raised this issue in the trial court. It is well established in Louisiana that the parties must raise constitutional attacks in the trial court, not the appellate courts, and that the constitutional challenge must be specially pleaded and the grounds for the claim particularized. Appellate courts generally will not consider issues raised for the first time on appeal. *Mosing v. Domas*, 02-0012 (La. 10/15/02), 830 So.2d 967, 975. Accordingly, the constitutional issues raised by Tierra are not properly before us in this appeal.

7

## CONCLUSION

For the reasons assigned, the February 2, 2022 judgment of the district court dismissing Tierra Trask's claims in this matter and assessing her with costs is affirmed. The costs of this appeal are assessed to appellant, Tierra Trask.

**AFFIRMED.**